797 So.2d 197 (2000)
The MISSISSIPPI BAR
v.
James Grant THOMPSON, III.
No. 1999-BD-02086-SCT.
Supreme Court of Mississippi.
June 15, 2000.
Michael B. Martz, Jackson, Attorney for Appellant.
James Grant Thompson, III, Appellee, pro se.
EN BANC.
BANKS, Presiding Justice, for the Court:
¶ 1. This matter is before the Court on the Complaint of the Mississippi Bar seeking disbarment of Attorney James Grant Thompson, III, based upon his conviction of a felony. We conclude that all procedural prerequisites have been met, and we order disbarment.

I.
¶ 2. Thompson is accused of unprofessional and unethical conduct and conduct evincing unfitness for the practice of law. On October 22, 1999, the Supreme Court of the State of Vermont (the Court) entered an Order disbarring Thompson from the practice of law. In re Thompson, 742 A.2d 761 (Vt.1999).
¶ 3. The Vermont Order was based on Thompson's Affidavit of Resignation wherein he expressed his desire to resign his license to practice law in the State of Vermont. The Order was also based on Thompson's criminal conviction in the United States District Court for the District of Vermont, which was filed on August 31, 1999. Thompson was found guilty of one (1) count of interstate transportation of stolen money and one (1) count of structuring transactions in violation of 18 U.S.C. § 2314 and 31 U.S.C. § 5324(a)(3).
¶ 4. The facts that gave rise to the conviction are as follows. On November 6, 1998, Thompson deposited a check in the amount of $57,578.62 from Attorney Rebecca Olson into his trust account at the Chittenden Bank. Attorney Olson gave Thompson the funds to hold in trust pending the discharge in a real estate transaction in which Thompson and Olson were involved. On November 9 and 10, 1998, Thompson withdrew $50,000 from his trust *198 account at the Chittenden Bank. He withdrew some of the money in cash and took the remaining amount as bank checks made out to himself. Later that month, Thompson left the State of Vermont with the money. Thompson admitted that the money was not his to take. Moreover, Thompson pled guilty to the federal offenses. He was sentenced to eighteen (18) months imprisonment, followed by three (3) years of supervised release.
¶ 5. Based on the foregoing, the Mississippi Bar filed a formal complaint against Thompson pursuant to Rule 13 of the Rules of Discipline for the Bar. The Mississippi Bar asserts that the sanction imposed upon Thompson by the Vermont Supreme Court is among the type of sanctions contemplated by Rules 6 and 13 of Mississippi Rules of Discipline. These Rules constitutes authority for the imposition of final discipline by the Mississippi Supreme Court against Thompson. The Mississippi Bar argues that Rule 6 applies because Thompson pled guilty to two (2) felonies.
¶ 6. Thompson has not responded to the complaint. However, the Mississippi Bar has sent the complaint to Thompson's last known addresses by certified mail with return receipt requested. The complaint sets forth that Thompson's last known addresses are Post Office Box 684, Waitsfield, Vermont XXXXX-XXXX and 255 Old Mims Road, Geneva, FL 23782. An Order to Show Cause was sent to both addresses by certified mail with return receipt requested. The Order sent to Vermont was returned as received by someone but the signature is scratched out and initialed. The Order sent to Florida was returned as either "unclaimed" or "moved, left no address." The envelope is unclear as to which is the exact reason why it was returned. Nevertheless, "[w]hen such process, summons or notice is served as herein provided, and return receipt or refusal is filed, it shall be deemed sufficient to give to the Court and its disciplinary agencies provided for herein, jurisdiction over said non-resident attorney...." Rule 16, Rules of Discipline for the Mississippi State Bar.

II.
¶ 7. The Mississippi Supreme Court retains "exclusive jurisdiction of matters pertaining to attorney discipline and reinstatement, and this Court is the ultimate judge of matter[s] arising under the Rules of Discipline for the Mississippi Bar." Broome v. Mississippi Bar, 603 So.2d 349, 354 (Miss.1992).

III.
¶ 8. Ultimately the Mississippi Bar argues that, pursuant to Rules 6 and 13, both the Order of the Vermont Supreme Court entered In Re Thompson, Vermont Supreme Court Cause No.1999-442, and the judgment in Thompson's federal court criminal case constitute conclusive evidence of Thompson's guilt of the offense or unprofessional conduct for which said sanction was ordered.
¶ 9. The record does not reflect any response from respondent James Grant Thompson III to the complaint filed on December 17, 1999. The record reflects that notice of this complaint was hand delivered on December 17, 1999, filed on December 20, 1999. An Order by this Court to show cause for not responding was issued by this Court on February 10, 2000. Thompson's return receipt of the show cause order was received by this Court on February 22, 2000.
¶ 10. The Mississippi Rules for Discipline are clear. Rule 6(a) states as follows:
Whenever any attorney subject to disciplinary jurisdiction of the Court shall be *199 convicted in any court of any state or in any federal court ... of any felony (other than manslaughter) or of any misdemeanor involving fraud, dishonesty, misrepresentation, deceit, or willful failure to account for money or property of a client, a certified copy of the judgment of conviction ... shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
Here, there is a certified copy of the judgment against James Grant Thompson, III. Thompson pled guilty to 18 U.S.C. § 2314 (Interstate Transportation of Stolen Money) and 31 U.S.C. § 5324(a)(3)(Structuring Transactions) in the United States District Court for the District of Vermont before U.S. District Judge William K. Sessions, III.
¶ 11. Similarly, pursuant to Rule 13 of the MRD, sanctions in another jurisdiction shall be conclusive evidence of guilt of the offense or unprofessional conduct on which said sanction was ordered. "The sole issue to be determined in the disciplinary proceeding of this state shall be the extent of the final discipline imposed on the attorney, which may be less or more severe than the discipline than the discipline imposed by the other jurisdiction." Rule 13 Miss. Rules of Discipline.
¶ 12. Also, Rule 6(d) of the Rules of Discipline state as follows:
When time for appeal from judgment or conviction provided above expires or all appeals have been concluded without reversal, Complaint Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment.
¶ 13. Here, the Mississippi Bar has shown that James Grant Thompson III was convicted of two felonies in the United States District Court for the District of Vermont. This is conclusive evidence of guilt.
¶ 14. In accordance with our Rules of Discipline, we hold that Thompson is guilty of unprofessional and unethical conduct and conduct evincing unfitness for the practice of law. Furthermore, he should be disbarred pursuant to Rule 6(d) of the Mississippi Rules of Discipline.

IV.
¶ 15. For the foregoing reasons, disbarment is the appropriate sanction for James Grant Thompson, III. The recommendation of the Mississippi Bar is accepted, and James Grant Thompson, III is disbarred from the practice of law in the State of Mississippi.
¶ 16. JAMES GRANT THOMPSON, III, IS HEREBY DISBARRED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI.
PRATHER, C.J., PITTMAN, P.J., McRAE, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.