*856
ORDER

¶ 1. This matter is before the Court on the Complaint of the Mississippi Bar seeking disciplinary action against Kathleen L. Caldwell, 2080 Peabody Place, Memphis, Tennessee 38104, Mississippi Bar Number 4959, based on the Supreme Court of Tennessee’s imposition of a ninety day suspension from the practice of law.
¶2. On October 8, 2003, the Supreme Court of Tennessee suspended Caldwell from the practice of law in the State of Tennessee for ninety (90) days. Attached to the Bar’s complaint against Caldwell is a certified copy of the Supreme Court of Tennessee’s order of suspension, as well as certified copies of other pleadings in that matter. The Tennessee Supreme Court took action against Caldwell after six individuals filed complaints against her with the Tennessee Bar Association.[1] Furthermore, Caldwell had been admonished by the Tennessee Court on three previous occasions. The Tennessee Court found that Caldwell had “a record of chronic ethical misconduct.” To compound Caldwell’s malfeasance, this Court has previously imposed an informal admonition against Caldwell.
¶ 3. The documents from the Tennessee Supreme Court constitute conclusive evidence of Caldwell’s guilt of the unprofessional conduct cited by that Court. Moreover, Caldwell admits the same. Rule 13 of the Mississippi Rules of Discipline[2] pro *857 vides that if an attorney licensed to practice law in the State of Mississippi is disciplined in another jurisdiction, this Court may impose discipline.
¶ 4. Caldwell has neglected her duties to her clients while assuring them that she was working on their case, or while not responding to their repeated telephone calls for status. She has, however, cooperated fully with the Complaint Tribunal, and she has voluntarily withdrawn from the practice of law in this State while this matter is pending.
¶ 5. Having considered the premised herein, we find that a 90-day suspension is appropriate. However, because Caldwell voluntarily suspended her practice of law in this State on October 8, 2003, we find that she has completed the 90-day suspension. Before Caldwell may seek reinstatement, however, this Court requires her to present proof to the Mississippi Bar that she has completed the other conditions imposed upon her by the Tennessee Bar. These conditions include completing a course in Ethics and Professionalism at the University of Memphis School of Law; have a law practice management evaluation; comply with the law practice management suggestions; have her law practice monitored by an attorney acceptable to Disciplinary Counsel for the period of one (1) year; have the monitor make quarterly reports to Disciplinary Counsel as to her compliance with the law practice evaluation suggestions; successfully complete the Board of Professional Responsibility’s Ethics Workshop at her own expense; and make refunds to various ex-clients.
¶ 6. IT IS, THEREFORE, ORDERED that, based on Rule 13 of the Mississippi Rules of Discipline, Kathleen L. Caldwell is suspended as a member of the Mississippi Bar for 90 days, but this suspension has been completed by her voluntary suspension of practice on October 8, 2003.
¶ 7. IT IS FURTHER ORDERED that, because she has completed the 90-day suspension, Caldwell may petition the Mississippi Bar for reinstatement after she has presented proof to the Mississippi Bar that she has completed the conditions imposed on her by the Tennessee Bar as set out above.
¶ 8. IT IS FURTHER ORDERED that the Clerk of the Court shall send, via certified mail, copies of this Order to Caldwell and to the Mississippi Bar.
¶ 9. SO ORDERED.
/s/ William L. Waller, Jr. William L. Waller, Jr. Presiding Justice
DIAZ, EASLEY AND CARLSON, JJ., NOT PARTICIPATING.

. In a criminal appeal, Caldwell failed to submit a sentencing hearing transcript, causing the appeals court to affirm the sentencing. In an employment discrimination case, Caldwell's office lost evidence provided by the complainant and failed to file a complaint. In an alimony contempt action, Caldwell failed to obtain a hearing and to keep her client informed as to a court date, and lost evidence provided to her by the client. In a lawsuit, Caldwell failed to inform her client of the court date, resulting in a $47,000 judgment being taken against him. In a workers’ compensation case, Caldwell failed to file an appeal in a timely manner and lost the case file. Finally, Caldwell allowed the statute of limitations elapse in another matter. *857 may be less or more severe than the discipline imposed by the other jurisdiction.

. Rule 13 provides as follows:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which