ATTORNEY DISCIPLINARY PROCEEDINGS.
JjPER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Matthew L. Pepper, an attorney licensed to practice law in Louisiana.
INTRODUCTION
.Two sets of formal charges were filed against respondent by the ODC. The first, bearing the disciplinary board’s docket number 99-DB-106, was filed on October 14, 1999 and encompasses two counts of misconduct involving one client matter. The second set of formal charges, 02-DB-044, was filed on May 11, 2002 and encompasses three counts of misconduct. The two sets of formal charges were considered by separate hearing committees, then consolidated pursuant to an order of the disciplinary board dated October 31, 2002. On September 17, 2003, the disciplinary board ordered that respondent .be publicly reprimanded for his misconduct in the consolidated matters. Pursuant to the ODC’s request for review of the board’s ruling, the disciplinary board lodged the record in this court on October 6, 2003.
UNDERLYING FACTS AND PROCEDURAL HISTORY

99-DB-106

Counts I and II — The Le Matter
In March 1998, Truc Le paid respondent $600 to handle a collection matter. Respondent failed to keep his client advised as to the status of the' matter, and though he performed some work on Mr. Le’s behalf, he failed to complete the representation. He also failed to account for the legal fee paid to him and failed to release *774 Mr. Le’s file upon request. Finally, respondent relocated his office to Mississippi[1] without notice to his client or the Louisiana State Bar Association, and he failed to cooperate with the ODC in its investigation of the complaint filed by Mr. Le.
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f) (payment of fees in advance of services), 1.16(d) (termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation). The ODC also alleged that respondent failed to correct his primary registration statement address, in violation of Supreme Court Rule XIX, § 8(C), and violated the Rules of Professional Conduct, which constitutes a ground for discipline under Supreme Court Rule XIX, § 9(a).
Respondent answered the formal charges and denied any misconduct in connection with his handling of the Le matter. The matter then proceeded to a formal I.shearing on the merits, which was conducted by the hearing committee on July 25, 2000.
After reviewing the evidence presented at the hearing, the hearing committee made the following factual findings and legal conclusions:
In November 1996, Mr. Le’s minor son broke his arm while playing team soccer at a school playground in New Orleans, and he received medical treatment for his injuries at Pendleton Memorial Methodist Hospital. Mr. Le sought payment of his son’s medical expenses by the City of New Orleans, but that claim was ultimately denied. Thereafter, the hospital filed suit against Mr. Le for the unpaid medical bill. At the end of March 1998, Mr. Le paid respondent $600, expecting that respondent would assist him in defending the collection suit. Respondent contacted the hospital’s attorney and obtained an extension of time within which to answer the petition. Respondent subsequently filed an answer and a third-party demand against the Orleans Parish School Board and the New Orleans Recreation Department. In June 1998, the hospital obtained a judgment against Mr. Le for the amount of the unpaid medical bill, and a judgment debtor rule was set for September 1998. Respondent attended the rule with Mr. Le and was successful in working out payment terms with the hospital, allowing Mr. Le an additional twelve months to pay off the hospital’s judgment. The status of the third-party demand filed by respondent is unclear from the record.
The committee praised respondent’s creative advocacy on Mr. Le’s behalf in asserting the third-party demand, but found respondent failed to communicate with Mr. Le and to document his efforts so that his client understood the nature and scope of the representation. Furthermore, the committee found respondent failed to communicate with Mr. Le concerning the status of the third-party demand. This conduct by respondent violated Rules 1.4 and 8.4(a) of the Rules of *775 Professional [4Conduct. However, the committee found no clear and convincing evidence that respondent violated Rules 1.3, 1.5(f), or 1.16(d) in connection with his representation of Mr. Le. The committee also found that respondent failed to supply the bar association with his current address, in violation of Supreme Court Rule XIX, §§ 8(C) and 9(a), and Rule 8.4(d) of the Rules of Professional Conduct. The committee did not find that respondent failed to cooperate with the ODC in its investigation because the certified mail sent to him was never delivered.
After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction for respondent’s misconduct is an admonition. In mitigation, the committee recognized the absence of a dishonest or selfish motive, timely good faith effort to rectify the consequences of the misconduct, and a cooperative attitude toward the disciplinary' proceedings. The committee recognized the following aggravating factors: prior disciplinary offenses,[2] multiple offenses, and substantial experience in the practice of law (admitted 1990). The committee found the aggravating factors outweigh those in- mitigation and warrant an upward deviation from the baseline sanction. Accordingly, the committee recommended that respondent be suspended from the practice of law for six months, with all but one month deferred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

U02-DB-0U

Count I — The Allen Matter
On November 8, 1999, Anita Renee Allen paid respondent $600 to handle a legal matter involving her minor son. Ms. Allen terminated respondent’s representation by letter dated December 8, 1999 and requested a refund of the legal fee she paid. By letter to Ms. Allen dated February 17, 2000, respondent agreed to refund Ms. Allen $600; however, he subsequently failed to do so. Respondent also relocated his office to Mississippi without notice to his client or the bar association, and he failed to cooperate with the ODC in its investigation of the complaint filed by Ms. Allen.
The ODC alleged that respondent’s conduct. in the Allen matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure.to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (payment of fees in advance of services), 1.15(b) (failure to render an accounting regarding funds or other property that a client or third person is entitled to receive), 1.16(a) (failure, to withdraw from the representation of a client upon being discharged), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Count II — The Tanner Matter
On February 14, 1997, respondent filed a, RICO suit on behalf of the plaintiffs in *776 C.B. Brooks, et al. v. Russell R. Kelley, et al., No. 1:97-CV-78GR on the docket of the United States District Court for the Southern District of Mississippi. On February 25, 1998, the district court rendered judgment dismissing the plaintiffs’ claims against all defendants. Thereafter, one of the defendants, the International | nAssociation of Machinists and Aerospace Workers, AFL-CIO (“IAMAW”), filed a post-judgment motion for attorney’s fees and Rule 11 sanctions against respondent. The district court granted the motion, finding that respondent failed to adequately investigate the allegations set forth in the plaintiffs’ complaint, that he demonstrated “a persistent pattern of nonresponsiveness” toward the court and the defendants, and that he unreasonably and vexatiously multiplied the proceedings. By order dated June 29, 1998, the court directed respondent to pay to IAMAW attorney’s fees in the amount of $10,489.00 by no later than July 14, 1998. Respondent has not complied with the district court’s order.
The district court’s judgment dismissing plaintiffs’ suit was subsequently affirmed on appeal to the United States Court of Appeals for the Fifth Circuit. Thereafter, IAMAW filed another post-judgment motion for attorney’s fees and sanctions against respondent. By order dated March 23, 2000, the Court of Appeals granted the motion and directed respondent to pay attorney’s fees in the amount of $11,842.50 within thirty days. Respondent has not complied with the Fifth Circuit’s order.
In January 2001, IAMAW’s counsel, Texas attorney Rod Tanner, filed a complaint against respondent with the ODC.[3] Respondent was served with the complaint by certified mail on February 1, 2001; however, he failed to reply to the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath. The subpoena was subsequently returned because of respondent’s absence from both his primary and secondary registration statement addresses. On August 13, 2001, respondent was served with the complaint by 17certified mail delivered to an address in Long Beach, Mississippi. Respondent thereafter submitted a response to the complaint; however, his failure to register a valid registration statement address delayed the investigation of the complaint.
The ODC alleged that respondent’s conduct in the Tanner matter violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.2(a) (scope of the representation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Count III — The Schneider Matter
In January 2000, Donald Schneider paid respondent $500 to handle a DWI matter. Respondent failed to communicate with Mr. Schneider, failed to keep him advised as to the status of the case, and failed to enroll as Mr. Schneider’s counsel of record. Respondent also failed to appear in court for Mr. Schneider’s arraignment on April 19, 2000 or for his trial on July 13, *777 2000.[4] Mr. Schneider terminated respondent’s representation by letter dated September 18, 2000 and requested a refund of the $500 fee. Despite his client’s request, respondent failed to account for any earned portion and to refund the unearned portion of the legal fee Mr. Schneider paid.
In January 2001, Mr. Schneider filed a complaint against respondent with the ODC. On February 28, 2001, a copy of the complaint was forwarded to respondent |sby certified mail sent to his primary registration statement address. The correspondence was returned marked “unclaimed.” On August 13, 2001, respondent was served with the complaint by certified mail delivered to an address in Long Beach, Mississippi. Respondent thereafter submitted a response to the complaint; however, his failure to register a valid registration statement address delayed the investigation of the complaint.
The ODC alleged that respondent’s conduct in the Schneider matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (payment of fees in advance of services), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent answered the formal charges and denied any misconduct in connection with his handling of the Allen, Tanner, and Schneider matters. The matter then proceeded- to a formal hearing on the merits, which was conducted by the hearing committee on September 24, 2002.
After reviewing the evidence presented at the hearing, the hearing committee made the following factual findings and legal conclusions:
With respect to Count I, the Allen matter, the committee found a lack of credible evidence to support respondent’s contention that he performed any work on behalf of his client,. and therefore, found he did not earn his $600 fee. . Though respondent testified that he returned Ms. Allen’s money. in the form of a $600 money |florder, respondent could not produce the receipt and Ms. Allen denied ever receiving the money. Therefore, the committee determined that respondent did not refund the fee to Ms. Allen. This conduct by respondent violated Rules 1.3, 1.4, and 1.5(f)(6) of the Rules of Professional Conduct. The committee found the testimony presented at the hearing was inconclusive with respect to whether respondent did or did not cooperate in returning Ms. Allen’s file to her new lawyer, noting that “[i]t may have been that Respondent had no file to return.” Concerning the failure to cooperate charge, the committee found that respondent was dilatory in notifying the bar association of his correct address, but did not find that respondent failed . to cooperate with the ODC in its investigation. Accordingly, the committee found no clear and convincing evidence that respondent violated Rules 1.15(b), 1.16(a)(d), 8.1(c), and 8.4(c) of the Rules of Professional Conduct.
With respect to Count II, the Tanner matter, the committee noted respondent’s acknowledgment that he has not satisfied the court orders imposing sanctions, but concluded that because the ODC did not *778 present the sworn testimony of Mr. Tanner in connection with this count, the formal charge should be dismissed. Moreover, even considering the documentary evidence introduced by the ODC, the committee concluded that Mr. Tanner’s complaint is “more of a debt-collection effort than an ethical complaint,” and thus the committee found no clear and convincing evidence of a rule violation.
With respect to Count III, the Schneider matter, the committee acknowledged respondent’s testimony that he made one trip from Mississippi to attend court on Mr. Schneider’s behalf, but the date given by Mr. Schneider was incorrect. Nevertheless, lacking court records or other credible evidence that respondent performed any services for Mr. Schneider, the committee found he did not earn his $500 fee. The |incommittee also determined that respondent did not refund the fee to Mr. Schneider. This conduct by respondent violated Rules 1.3, 1.4, and 1.5(f)(6) of the Rules of Professional Conduct. Concerning the failure to cooperate charge, the committee found that respondent was dilatory in notifying the bar association of his correct address, but did not find that respondent failed to cooperate with the ODC in its investigation. Accordingly, the committee found no clear and convincing evidence that respondent violated Rules 1.16(d), 8.1(c), 8.4(a), 8.4(c), 8.4(d), and 8.4(g) of the Rules of Professional Conduct.
With respect to both Counts I and III, the committee found respondent was negligent and did not act with reasonable diligence in representing his clients, and that he caused them injury or potential injury by delaying the resolution of their cases for a short time. Ms. Allen and Mr. Schneider also paid for services that they did not receive. The committee determined that the baseline sanction for respondent’s misconduct is a reprimand.
The sole aggravating factor recognized by the committee was respondent’s substantial experience in the practice of law. The committee recognized no mitigating factors.
Under these circumstances, the committee recommended that respondent be publicly reprimanded, and that he be required to make restitution to Ms. Allen in the amount of $600 and to Mr. Schneider in the amount of $500.
The ODC objected to the hearing committee’s failure to find misconduct as to Count II and to the leniency of the sanction recommended.
J^RULING OF THE DISCIPLINARY BOARD
After reviewing the consolidated matters, the disciplinary board ordered that respondent receive a public reprimand.
The board found the hearing committee’s findings of fact in 99-DB-106, the Le matter, and in Counts I and II of 02-DB-044, the Allen and Tanner matters, are not manifestly erroneous. With regard to Count III of 02-DB-044, the Schneider matter, the board noted the ODC’s admission during oral argument before the board panel that respondent had performed “some work” for Mr. Schneider in his DWI matter. In view of this admission and the evidence in the record concerning respondent’s trip to Louisiana to attend court for Mr. Schneider, the board concluded that respondent earned the $500 fee Mr. Schneider paid. Accordingly, the board found the hearing committee’s factual findings in Count III are manifestly erroneous.
Based on these factual findings, the board determined respondent violated the Rules of Professional Conduct as follows:
*779 In 99-DB-106, the board concluded that Rules 1.4 and 8.4(a) were violated by respondent’s failure to communicate the goals and limitations of what he could accomplish in the representation of Mr. Le. However, the board found Rules 1.3, 1.5(f), and 1.16(d) have not been violated. Respondent diligently pursued options for Mr. Le, and the committee found no evidence (nor did Mr. Le testify) that respondent did not earn the $600 fee he was paid. Furthermore, the board found Rules 8.1(c), 8.4(c), 8.4(d), and 8.4(g) have not been violated. The record does not show that respondent failed to cooperate with the disciplinary proceedings, that he engaged in conduct involving deceit, fraud, or misrepresentation, or that his conduct interfered with the administration of justice. Finally, the board agreed that Supreme Court Rule hgXIX, §§ 8(C) and 9(a) have been violated by respondent’s failure to keep his primary and secondary registration statement addresses current.
In Count I of 02-DB-044, the board concluded that Rules 1.3, 1.4, and 1.5(f)(6) have been violated by respondent’s failure to use reasonable diligence in the investigation of the Allen case and to adequately communicate his concerns about the case to Ms. Allen. Respondent failed to place the disputed funds ($600) into his- trust account or refund the client the unearned fees. The board found Rules lJL5(b), 1.16(a)(d), 8.1(c), and 8.4(c) have not been violated in the Allen case.
In Count II of 02-DB-044, the board concluded that a violation of the Rules of Professional Conduct was not proven by clear and convincing evidence, and thus dismissed this count. Mr. Tanner’s' Complaint merely involves attorney’s fees owed pursuant to a court order for filing a frivolous lawsuit.
In Count III of 02-DB-044, the board concluded that a violation of the Rules' of Professional Conduct was not proven by clear and convincing evidence, based upon the record and the ODC’s admission that respondent performed some work for Mr. Schneider in his DWI case, thereby earning the $500 fee. The board dismissed this count.
Considering this misconduct, the board found respondent negligently violated duties owed to his clients, Mr. Le and Ms. Allen, and to the legal system. The board noted that Mr. Le was not harmed by respondent’s actions, but Ms. Allen has been deprived of the use of $600 for two years. Considering the ABA Standards discussing negligent misconduct, as opposed to those pertaining to knowing or intentional misconduct,[5] the board determined the baseline sanction for respondent’s misconduct is a public reprimand.
|13The board found the following aggravating factors are present: prior disciplinary offenses, dishonest or selfish motive (in the Allén matter), pattern of misconduct, multiple offenses, and substantial experience in the practice of law. ' The board made no findings with respect to mitigating factors, except to note the record supports the mitigating factor of absence of a dishonest or selfish motive in the Le matter.
Under these circumstances, the board ordered that respondent be publicly reprimanded. The board also ordered that respondent refund $600 to Ms. Allen.
Two board members dissented, on the ground that a public reprimand is too lenient for respondent’s misconduct.
*780 The ODC sought review of the board’s ruling in this court. We ordered the parties to submit briefs addressing the issue of whether the record supports the disciplinary board’s report. After reviewing the briefs filed by both parties, we docketed the matter for oral argument.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
We find the record supports the hearing committees’ findings of fact, as modified by the disciplinary board, as well as the board’s application of the Rules of Professional Conduct. Respondent failed to adequately communicate with Mr. Le and Ms. Allen, and failed to refund an unearned legal fee to Ms. Allen. Respondent has [ 14also failed to comply with his professional obligation to promptly notify the Louisiana State Bar Association of changes in his primary registration statement address.
Having found professional misconduct, the next issue presented for our consideration in this case is the appropriate sanction for respondent’s misconduct. In considering that issue, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The baseline sanction for multiple instances of neglect and failure to communicate can be somewhat difficult to determine, as such misconduct is often combined with more serious professional offenses. However, in general, this court has imposed suspensions of short to moderate duration for such misconduct, sometimes deferring a portion of the suspension. See In re: Fazande, 03-2210 (La.1/21/04), 864 So.2d 174 (collecting authorities).
As aggravating factors, we recognize respondent’s substantial experience in the practice of law and the prior admonitions imposed by the board, although we note two of these admonitions are relatively remote in time. In mitigation, we find respondent’s misconduct to be the result of negligence rather than any intentional act calculated to cause harm to his clients.
Iisln light of this latter factor, we conclude it is appropriate to defer a portion of respondent’s suspension. Accordingly, we will suspend respondent from the practice of law for a period of six months, with all but one month deferred. We will also place respondent on probation for a period of one year, subject to the condition that he pay full restitution to Ms. Allen. We caution respondent that his failure to make restitution to Ms. Allen, or any other misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
*781 DECREE
Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Matthew L. Pepper, Louisiana Bar Roll number 19976, be suspended from the practice of law for a period of six months. All but one month of the suspension shall be deferred, and respondent shall be placed on probation for a period of one year, subject to the condition that he pay restitution to Anita Allen in the amount of $600 plus legal interest. Any violation of the condition of probation, or any other misconduct during the probationary period, may be grounds for making the deferred portion of the suspension ex-ecutory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
KNOLL, J., dissents and assigns reasons.

. The records of the Louisiana State Bar Association reveal that respondent was admitted to practice in Mississippi in September 1989.

. In 1996, respondent was admonished by the disciplinary board in 95-ADB-047 for engaging in an ex parte communication with a judge. In 1999, respondent was admonished by the disciplinary board in 99-ADB-045 for neglecting a legal matter, failing to communicate with a client, failing to refund unearned fees, failing to withdraw from the representation of a client after being discharged, and failing to expedite litigation. In 2002, respondent was admonished by the disciplinary board in 02-ÁDB-037 for practicing law when he was ineligible to do so, due to his failure to comply with the mandatory continuing legal education requirement.

. Mr. Tanner also filed a complaint against respondent with disciplinary authorities in Mississippi. At the hearing before the hearing committee in the instant matter, respondent admitted that he received a reprimand from the Mississippi bar in connection with Mr. Tanner’s complaint.

. Because Mr. Schneider was unrepresented by counsel, he was granted a continuance of the trial to enable him to find new counsel, which he did. . ■

. The board found there is no evidence in the record that respondent’s misconduct was knowing or intentional, and both hearing committees agreed respondent acted negligently.