890 So.2d 882 (2004)
The MISSISSIPPI BAR,
v.
ATTORNEY BBB.
No. 2004-BD-00632-SCT.
Supreme Court of Mississippi.
August 18, 2004.

*883 ORDER

¶ 1. This matter came before the Court sitting en banc on The Mississippi Bar's formal complaint against Attorney BBB.
¶ 2. Attorney BBB was disciplined by the Tennessee Supreme Court and received an informal admonishment. On September 2, 2003, the Board of Professional Responsibility of the Supreme Court of Tennessee entered an order imposing an informal admonishment against Attorney BBB for violating the provisions of DR 1-102(A)(1)(4)(5)(6); DR 3-101(B) of the Tennessee Rules of Professional Responsibility and Tennessee Supreme Court 19(1) and (2). The Mississippi Bar attached a certified copy of the order of informal admonishment, the Summary of the Complaint prepared by the Board, and two letters from Attorney BBB dated September 25, 2002, and December 2, 2002, to its complaint filed with this Court.
¶ 3. The Tennessee court found that Attorney BBB violated various of its Rules of Professional Conduct. In the Board's summary of the complaint dated November 15, 2002, it stated:
Respondent [Attorney BBB], licensed to practice law only in Mississippi, appeared as counsel in the Shelby County General Sessions Court for certain plaintiffs by signing a civil warrant filed October 8, 2001, without first preparing and filing an appropriate affidavit with the Clerk of the Shelby County General Sessions Court in accordance with Tennessee Supreme Court Rule 19. Although there was local Tennessee counsel associated in this matter, the Tennessee lawyer did not sign the civil warrant and made no appearances in the General Sessions Court in the particular case.
...
An affidavit executed by respondent purporting to comply with this Rule was not received by the Board until October 3, 2002, but the affidavit does not fully comply with the requirements of the rule.
¶ 4. As a result of his informal admonishment in Tennessee, The Mississippi Bar initiated disciplinary proceedings against Attorney BBB under Rule 13 of the Mississippi Rules of Discipline.
¶ 5. Attorney BBB responded to The Mississippi Bar's complaint stating that he has never been disciplined by the Mississippi Bar or the Mississippi Supreme Court and is willing to accept whatever sanction the Court would find appropriate. Attorney BBB did retain counsel licensed in Tennessee to assist in handling the case even though he did not fully comply with Tennessee's pro hac vice rule before practicing law in Tennessee.
¶ 6. Pursuant to Rule 13 of the Mississippi Rules of Discipline, the extent of the final discipline that can be imposed may be less or more severe that the discipline imposed by the jurisdiction. The Tennessee court imposed an informal admonishment on Attorney BBB. However, pursuant to Rule 8 of the Mississippi Rules of Discipline, informal admonishment is not an available punishment to be imposed by this Court. Therefore, having carefully and fully considered the Bar's complaint, the Court finds that a private reprimand is appropriate.
*884 ¶ 7. IT IS, THEREFORE, ORDERED that, based on Rule 13 of the Mississippi Rules of Discipline, Attorney BBB is issued a private reprimand.
¶ 8. IT IS FURTHER ORDERED that the Clerk of the Court shall send, via certified mail, copies of this Order to Attorney BBB and to The Mississippi Bar.
¶ 9. SO ORDERED, this the 18th day of August, 2004.
/s/ Chuck Easley
CHUCK EASLEY, JUSTICE FOR THE
COURT
DIAZ AND GRAVES, JJ., NOT PARTICIPATING.