ORDER OF DISBARMENT

KAY B. COBB, Presiding Justice.
¶ 1. This matter is before the Court, en banc, on the formal complaint filed by the Mississippi Bar and the motion of the Mississippi Bar to disbar attorney Neil E. Mclnnis. Mclnnis filed no response. The Bar asserts that Mclnnis was convicted, upon a plea of guilty in the Forrest County Circuit Court, on two counts of the crime of embezzlement, in violation of Miss.Code Ann. Section 97-23-19, a felony within the meaning of the term as used in Rule 6 of the Rules of Discipline of the Mississippi Bar.
¶ 2. The Bar submitted a certified copy of the order of conviction of the Forrest County Circuit Court, which provided that under Count I, Mclnnis was sentenced to serve a term of ten years, with eight years to be served in the custody of the Mississippi Department of Corrections, and the remaining two years under post-release supervision. State v. Neil E. McInnis, No. 03-411 CR (Forrest Cty. Cir. Ct.2004). Mclnnis was also ordered to make restitution in the sum of $65,202.02 to the victim; pay a fine of $1,000; pay an assessment of $100 to the Mississippi Crime Victim’s Compensation Fund; and pay all costs of court. Under Count II, Mclnnis was sentenced to serve ten years to run consecutive to the sentence in Count I, with all of the second ten-year sentence suspended, except time served. The sentence under Count II also contained an additional condition that Mclnnis indemnify the victim and make any further restitution which might be owed to the United States of America or the Department of Defense, as a result of Mclnnis’s cashing monthly retirement checks paid after the death of the intended recipient. No appeal of Mcln-nis’s conviction or sentence has been filed, and the time for filing an appeal has expired.
¶ 3. The order of conviction also specifically stated that Mclnnis must immediately resign as a member of the Mississippi Bar and that he would be prohibited from reapplying for admission to or engaging in the professional practice of law for a period of twenty years. Attached to the order was a certified copy of Mclnnis’s acceptance of the terms and conditions of the probation, and waiver of extradition.
¶ 4. Rule 6(a) of the Rules of Discipline for the Mississippi Bar provides, inter alia, that whenever any attorney subject to the disciplinary jurisdiction of this Court shall enter a plea of guilty to any felony, a *506 certified copy of the judgment of conviction shall be conclusive evidence of the conviction. The crime to which Mclnnis pled guilty is among those contemplated by Rule 6 and requires his disbarment and the striking of his name from the rolls of those licensed to practice law in the State of Mississippi.
¶5. IT IS THEREFORE ORDERED that Neil E. Mclnnis is hereby disbarred from the practice of law within the State of Mississippi and that this Order shall constitute notice of disbarment in this cause. His name shall be immediately stricken from the rolls of the Mississippi Bar.
¶ 6. IT IS FURTHER ORDERED that Mclnnis shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to Rule 11 of the Rules of Discipline for the Mississippi Bar.
¶ 7. IT IS FURTHER ORDERED that the Clerk of the Supreme Court shall immediately forward attested copies of this Order to: the Clerks of the Circuit and Chancery courts of Forrest County; the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi; the Clerk of the United States Court of Appeals for the Fifth Circuit; and the Clerk of the Supreme Court of the United States. Likewise, the Clerk of this Court shall forward attested copies of this order to Neil E. Mclnnis and to the Executive Director of the Mississippi Bar.
¶ 8. IT IS FURTHER ORDERED that within thirty days of entry of this Order of Disbarment, Mclnnis shall file with this Court an affidavit stating that all his clients have been notified of his disbarment and his consequent inability to practice law in Mississippi and that he has fully complied with all requirements set forth in Rule 11 of the Rules of Discipline for the Mississippi Bar.
¶ 9. IT IS FURTHER ORDERED that the Bar shall recover from Neil E. Mcln-nis all of its costs and expenses of this disciplinary action.
¶ 10. SO ORDERED, this the 15th day of December, 2004.