ORDER

¶ 1. This matter is before the en banc Court on the Complaint of the Mississippi Bar seeking disciplinary action against Matthew L. Pepper based on the Supreme Court of Louisiana’s imposition of a six-month suspension from the practice of law with all but one month deferred. In re Matthew L. Pepper, 876 So.2d 772 (La.2004). The Mississippi Bar filed its formal complaint against Pepper pursuant to Rule 13 of the Mississippi Rules of Discipline seeking to suspend Pepper from the practice of law in Mississippi. Additionally, the Mississippi Bar requests this Court require Pepper to notify all his Mississippi clients, as well as attorneys and adverse *768 parties in any Mississippi proceeding in which he is involved and all affected courts and agencies, of his suspension and that they should seek alternate legal counsel within fourteen days of suspension.
¶ 2. On July 2, 2004, the Supreme Court of Louisiana suspended Pepper from the practice of law in the State of Louisiana for six months with all months deferred but one. Id., 876 So.2d 772 (La.2004). Attached to the Bar’s complaint against Pepper is a copy of the Supreme Court of Louisiana’s opinion and order of suspension.
¶ 3. The Louisiana Supreme Court took action against Pepper after he failed to adequately communicate with one client, failed to refund an unearned legal fee to another, and failed to comply with his professional obligation to promptly notify the Louisiana State Bar Association of changes in his primary registration address. Id.
¶ 4. Truc Le hired Pepper to defend him in a collection suit initiated by a New Orleans hospital. Pepper filed an answer and third-party demand, but the hospital was awarded a judgment against Le for an unpaid medical bill. Pepper eventually worked out a payment plan to satisfy the hospital’s judgment. While Pepper’s advocacy was both creative and effective, he failed to communicate with Le and to document his efforts so that his client understood the nature and scope of the representation. Pepper also failed to communicate with Le regarding the status of the third-party demand.
¶ 5. Anita Allen hired Pepper to handle a legal matter involving her son and paid him $600. One month later, Allen ended Pepper’s representation of the matter by letter and requested that he return the $600 she originally paid. Pepper agreed to return the money, but never placed the disputed funds in his trust account or refunded the money.
¶ 6. The Disciplinary Board of the Supreme Court of Louisiana found that Pepper violated Rules of Professional Conduct 1.4 and 8.4(a) by failing to communicate to a client the goals and limitations he could accomplish in the representation of that client. Id., 876 So.2d 772 at 779. The Disciplinary Board also found the Rules of Professional Conduct 1.3, 1.4, and 1.5(f)(6) were violated by Pepper’s “failure to use reasonable diligence” in the investigation of a client’s case, failure to adequately communicate his concerns about that case, and failure to place undisputed funds into his trust account or refund the client the unearned fees. Id. After considering all aggravating and mitigating factors concerning Pepper’s conduct, including prior admonitions by the Disciplinary Board, the Louisiana Supreme Court suspended Pepper from the practice of law in Louisiana for six months with all but one month of the suspension deferred. Id. at 780-81. Pepper was placed on probation for one year and ordered to pay restitution to one client in the amount of $600 plus legal interest. Id.
¶ 7. Under Miss. Rule of Discipline 13, the sanction of another jurisdiction is conclusive evidence of the guilt of an offense or unprofessional conduct. It is not necessary to prove the grounds for the discipline again in this state.
The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
Miss. Rule of Discipline 13. This Court has consistently shown deference to the sanctions imposed by foreign jurisdictions and has imposed like or identical sanctions for those same offenses. See Miss. Bar v. *769 Drungole, 913 So.2d 968, at 968 (Miss.2005); Miss. Bar v. Attorney BBB, 890 So.2d 882 (Miss.2004); Miss. Bar v. Barry, 890 So.2d 870 (Miss.2004); Miss. Bar v. Daniels, 890 So.2d 872 (Miss.2004); Miss. Bar v. Caldwell, 890 So.2d 855 (Miss.2004); Miss. Bar v. Thompson, 797 So.2d 197 (Miss.2000); Miss. State Bar v. Young, 509 So.2d 210 (Miss.1987).
¶ 8. Pepper denies the allegations set forth in the Mississippi Bar’s complaint against him and offers as an affirmative defense the fact that the Louisiana Supreme Court has reinstated him. This is, of course, not persuasive as it does not tend to show Pepper did not commit acts deserving sanctions, but is simply evidence that he completed his probation and suspension without incident. Pepper has offered nothing to this Court to show his innocence of the acts for which the Louisiana Supreme Court sanctioned him but an unfiled concursus petition and a sample order he hopes to have signed. These sample documents fail to show the Louisiana Supreme Court erred in its decision and sanctions concerning Pepper.
¶ 9. After carefully considering the facts before us, we find the sanction of a six-month suspension with all but one month deferred and probation for one year to be appropriate.
¶ 10. IT IS THEREFORE ORDERED that, effective upon entry of this order, Matthew L. Pepper is hereby suspended from the practice of law in the State of Mississippi for six months with all but one month deferred and placed on probation for one year.
¶11. IT IS FURTHER ORDERED that, immediately following entry of this order, Pepper shall take action to protect the interests of his clients as provided under Rule 11 of the Miss. Rules of Discipline, including but not limited to (1) giving all clients notice of his suspension and consequent inability to act as an attorney for the time specified as of the effective date of this order; (2) notifying each client involved in pending litigation or administrative proceedings and the attorney or attorneys for each adverse party in such proceedings, of his suspension and consequent inability to act as an attorney for the time specified as of the effective date of this order; (3) advising each client promptly to substitute another attorney or attorneys in his place or to seek legal advice elsewhere; and (4) notifying all affected courts and agencies of his suspension and consequent inability to act as an attorney for the time specified as of the effective date of this order.
¶ 12. SO ORDERED.
/s/ William L. Waller, Jr. William L. Waller, Jr., Presiding Justice
DIAZ, J., Not Participating.