ORDER OF DISBARMENT

¶ 1. This matter is before the Court, en banc, on the formal complaint filed by the Mississippi Bar and the motion of the Mississippi Bar to disbar attorney John E. Jackson. Because Jackson is a convicted felon and all procedural requirements have been met, this Court orders disbarment.
¶2. Jackson was charged with selling marijuana to his client, Cedric Watson, while Watson was incarcerated at the Lin-
coin County Jail. On February 12, 2004, Jackson was found guilty of the crime of sale of marijuana within a correctional facility, a violation of Mississippi Code Annotated Section 47-5-198 (Rev.2004), and was sentenced to three years in prison. Additionally, Jackson was fined $25,000.00 and ordered to pay all court costs.
¶ 3. Based upon Jackson’s conviction, the Mississippi Bar filed a formal complaint against him pursuant to Rule 6 of the Rules of Discipline. The Bar asserts that the felony for which Jackson was convicted is among the type of crimes contemplated by Rule 6, thus, this Court should immediately disbar Jackson from further practice in the state.
¶ 4. The Mississippi Supreme Court retains “exclusive jurisdiction of matters pertaining to attorney discipline and reinstatement”, and this Court is the ultimate judge of matters arising out of the Rules of Discipline for the Mississippi Bar. Mississippi Bar v. Thompson, 797 So.2d 197, 198 (Miss.2000) (citing Broome v. Mississippi Bar, 603 So.2d 349, 354 (Miss.1992)).
¶ 5. Rule 6(a) of the Mississippi Rules of Discipline provides that:
Whenever any attorney subject to disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court ... of any felony (other than manslaughter) ... a certified copy of the judgment of conviction ... shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
¶ 6. This Court was provided with a certified copy of the conviction[1] against John. E. Jackson. A certified copy of a *932 conviction is conclusive evidence of the conviction. Miss. Bar v. McInnis, 905 So.2d 505, 506 (Miss.2004). . In addition, Jackson does not deny he is a convicted felon. Accordingly, Jackson must be disbarred pursuant to the Rules of Discipline.

CONCLUSION

¶ 7. IT IS THEREFORE ORDERED that John E. Jackson is hereby disbarred from the practice of law within the State of Mississippi and that this Order shall constitute notice of disbarment in this cause. His name shall be immediately stricken from the rolls of the Mississippi Bar.
¶ 8. IT IS FURTHER ORDERED that Jackson shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to Rule 11 of the Rules of Discipline for the Mississippi Bar.
¶ 9. IT IS FURTHER ORDERED that the Clerk of the Supreme Court shall immediately forward attested copies of this Order to: the Clerks of the Circuit and Chancery Courts of Lincoln County; the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi; the Clerk of the United States Court of Appeals for the Fifth Circuit; and the Clerk of the Supreme Court of the United States. Likewise, the Clerk of this Court shall forward attested copies of this order to John E. Jackson and to the Executive Director of the Mississippi Bar.
¶10. IT IS FURTHER ORDERED that within thirty days of entry of this Order of Disbarment, Jackson shall file with this Court an affidavit stating that all his clients have been notified of his disbarment and his consequent inability to practice law in Mississippi and that he has fully complied with all requirements set forth in Rule 11 of the Rules of Discipline for the Mississippi Bar.
¶11. IT IS FURTHER ORDERED that the Bar shall recover from John E. Jackson all of its costs and expenses of this disciplinary action.
¶ 12. SO ORDERED.
/s/ William L. Waller, Jr.
WILLIAM L. WALLER, JR., PRESIDING JUSTICE

. Although the document received is entitled “Sentencing Order Upon Jury Verdict,” it contains both the sentence and judgment of conviction as required by the Rule.