ORDER

¶ 1. This matter is before the Court on the Complaint of the Mississippi Bar seeking disciplinary action against Maurice Joseph Barry, Jr., 301 South Center Street, Bloomington, Illinois 61701-5101, Mississippi Bar Number 2078, based on the Supreme Court of Illinois’ imposition of a nine-month suspension from the practice of law.
¶2. On the Supreme Court of Illinois suspended Barry from the practice of law in the State of Illinois for nine months. Attached to the Bar’s complaint against Barry is a certified copy of the Supreme Court of Illinois’ order of suspension, as well as certified copies of other pleadings in that matter.
*871 ¶ 3. The Illinois Supreme Court took action against Barry after he represented to his clients and to the court that he had acquired expert opinions as to causation in a medical malpractice suit when he in fact had not. The medical malpractice case was dismissed. He then sued his clients for breach of contract, alleging that they did not permit him to file an appeal after the case was dismissed, when in fact he had filed an appeal.
¶ 4. In a second medical malpractice case, Barry made the same misrepresentations as to having acquired expert opinions when in fact he had not. In a third case based on legal malpractice, Barry’s misrepresentations were repeated as to expert opinions.
¶ 5. The Illinois Court found that Barry engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, brought an action without a good faith basis for doing so, made statements of material facts or law to a tribunal which he knew or reasonably should have known was violation, engaged in conduct that was prejudicial to the administration of justice, engaged in conduct which tended to defeat the administration of justice or to bring the courts or legal profession into disrepute, asserted a position on behalf of a client when he knew or reasonably should have known that such action would serve merely to harass or maliciously injure another, and made a statement of material fact to a third person which he knew or reasonably should have known was false.
¶ 6. The documents from the Illinois Supreme Court constitute conclusive evidence of Barry’s guilt of the unprofessional conduct cited by that Court. Moreover, Barry does not contest the findings of the Illinois Court.[1] Rule 13 of the Mississippi Rules of Discipline[2] provides that if an attorney licensed to practice law in the State of Mississippi is disciplined in another jurisdiction, this Court will impose discipline.
¶ 7. Having considered the premises herein, we find that a nine-month suspension from the practice of law is appropriate.
¶ 8. IT IS, THEREFORE, ORDERED that, based on Rule 13 of the Mississippi Rules of Discipline, Maurice Joseph Barry, Jr., is suspended from the practice of law in the State of Mississippi for nine months. The nine-month suspension shall begin on the date of the entry of this order.
¶ 9. IT IS FURTHER ORDERED that subsequent to the time of eligibility for reinstatement, Maurice Joseph Barry, Jr., shall take the Multi-State Professional Responsibility Exam as prepared by the National Conference of Bar Examiners, and achieve a scaled score of not less than 80, and shall be reinstated to the privilege of practicing law only upon petition to the *872 Court, pursuant to Rule 12 of the Mississippi Rules of Discipline.
¶10. IT IS FURTHER ORDERED that the Clerk of the Court shall send, via certified mail, copies of this Order to Barry and to the Mississippi Bar.
¶ 11. SO ORDERED.
/s/ William L. Waller, Jr. WILLIAM L. WALLER, JR. Presiding Justice
For the Court
RANDOLPH, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY COBB, P.J. DIAZ, J., NOT PARTICIPATING.

. On April 28, 2004, Barry signed a sworn statement that he had received a copy of the summons and an attested copy of the Bar’s Formal Complaint. Barry has filed no other pleading.

. Rule 13 provides as follows:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.