929 So.2d 884 (2006)
THE MISSISSIPPI BAR, Appellant
v.
Daniel L. INSERRA, Appellee.
No. 2005-BD-01967-SCT.
Supreme Court of Mississippi.
February 22, 2006.

ORDER
¶ 1. This matter came before the Court sitting en banc on The Mississippi Bar's formal complaint against attorney Daniel L. Inserra.
¶ 2. Inserra is a resident of Arizona whose last known address is 8930 East Raintree Drive, Suite 100, Scottsdale, Arizona XXXXX-XXXX. Inserra is currently administratively suspended in Mississippi for non-payment of dues pursuant to Miss. Code Ann. § 73-3-127 (2004). This Court previously imposed a public reprimand against Inserra as a reciprocal sanction pursuant to Rule 13 of the Mississippi Rules of Discipline for his two-year probation imposed by the Supreme Court of Arizona. See The Mississippi Bar v. Inserra, 855 So.2d 447, 451 (Miss.2003).[1] While Inserra is not a member of the Bar in good standing, he is subject to the disciplinary jurisdiction of this Court.
¶ 3. On or about August 23, 2005, the Supreme Court of Arizona issued a Judgment and Order censuring Inserra and placing him on probation for a period of one year.[2]In re Member of State Bar of Arizona, Inserra, No. SB-05-0124-D (Ariz. August 23, 2005). The court concluded that Inserra had violated his duties and obligations as a lawyer.
¶ 4. As a result of his discipline in Arizona, the Bar initiated disciplinary proceedings against Inserra under Rule 13 of the Mississippi Rules of Discipline on October 18, 2005. A Summons and a copy of the formal complaint was mailed by the Bar to Inserra on October 18, 2005. The documents were mailed certified, return receipt requested to Inserra at 8930 East Raintree Drive, Suite 100, Scottsdale, Arizona 85260.
¶ 5. Inserra signed for the envelope on October 21, 2005. Inserra did not respond to the complaint, nor has Inserra filed any *885 answer to the complaint. The court file also contains a proof of personal service of summons on Daniel Inserra c/o Larry Houchins, Executive Director of the Mississippi Bar, pursuant to Miss. R. Discipline 16(a).
¶ 6. The Bar further seeks to have Inserra disciplined in the State of Mississippi by a reciprocal sanction pursuant to Rule 13 of the Mississippi Rules of Discipline. The Bar's request is based on the Judgment and Order of the Supreme Court of Arizona censuring Inserra and placing him on one-year probation. The Bar seeks to recover its costs and expenses occasioned by the filing of this formal complaint against Inserra.
¶ 7. Having carefully and fully considered the Bar's complaint, the Court accepts, pursuant to Miss. R. Discipline 13, the disciplinary action of the Supreme Court of Arizona as conclusive proof of his disciplinary violation. Reciprocal sanctions are warranted; and we impose a public reprimand against Inserra. See Miss. R. Discipline 8(b)(ii).
¶ 8. IT IS, THEREFORE, ORDERED that, effective upon entry of this order and based on Rule 13 of the Mississippi Rules of Discipline, a public reprimand shall be enforced in the event Inserra ever seeks reinstatement to The Mississippi Bar under Miss.Code Ann. § 73-3-127 by curing his enrollment fee obligations. The Bar is entitled to recover from Inserra all costs of this disciplinary proceeding, as well as all previously assessed sums. The Bar shall file its Motion for Costs and Expenses with the Court within ten days of the filing of this Order.
¶ 9. IT IS FURTHER ORDERED that the Clerk of the Court shall send, via certified mail, copies of this Order to Daniel L. Inserra and to The Mississippi Bar.
¶ 10. SO ORDERED.
/s/Chuck Easley
CHUCK EASLEY, JUSTICE FOR THE
COURT
DIAZ, J., NOT PARTICIPATING.
NOTES
[1] Inserra addressed that, because Inserra is currently suspended from the Bar for non-payment of fees, the public reprimand could not be enforced until Inserra ever seeks reinstatement under Miss.Code Ann. § 73-3-127 by curing his enrollment fee obligations. See Inserra, 855 So.2d at 452.
[2] The Supreme Court of Arizona incorporated the Disciplinary Commission Report which had the Hearing Officer's Report attached as an exhibit. The Mississippi Bar incorporated by reference the Supreme Court of Arizona's Judgement and Order to its formal complaint. The Hearing Officer's Report listed Inserra's violations. The violations primarily consisted of Inserra's failure to keep his client, Eric Kurland, informed of the status of his 1997 lawsuit against his landlord, the landlord's counterclaim, and a subsequent 2000 lawsuit filed by the landlord against Kurland and his wife. Inserra dismissed Kurland's appeal of the unfavorable ruling in the 1997 lawsuit and negotiated resolution of the action without his client's consent or knowledge. Inserra further agreed to entry of a judgment in the 1997 lawsuit against Kurland in the amount of $5,900 for attorney's fees and agreed the defendant/landlord could bring a new action against Kurland for property damages without his consent or knowledge. Inserra accepted process without his client's consent or knowledge in the subsequent 2000 lawsuit filed by the same landlord against Kurland and his wife. Inserra waived court-ordered mediation and the right to a jury trial in the 2000 lawsuit without his client's consent or knowledge. Inserra agreed to entry of judgment against Kurland and his wife in the amount of $2,000 in property damage and $3,200 in attorney's fees in the 2000 lawsuit without their consent or knowledge.