LAMAR, Justice,
 

 for the Court.
 

 ¶ 1. The Mississippi Bar filed a formal complaint against Daniel Inserra seeking reciprocal discipline after the Supreme Court of Arizona suspended Inserra from the practice of law in that state for one year with one year of probation upon reinstatement.
 
 [1]
 
 Finding Inserra’s conduct sanctionable, this Court suspends Inserra from the practice of law for a period of one year.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On October 29, 2007, the State Bar of Arizona filed a complaint against Inser-ra with the Disciplinary Clerk, who assigned the matter to a hearing officer.
 
 See
 
 State Bar of Arizona website,
 
 http://
 
 
 *606
 

 www. azbar. org/WorkingWithLawyers/ discproc.cfm,
 
 (providing explanation of disciplinary proceedings in Arizona) (last accessed Sept. 11, 2009). A hearing was held on April 15, 2008, in which the hearing officer heard evidence regarding three separate counts of professional misconduct. The hearing officer issued a detailed report setting forth the following findings of fact.
 

 ¶ 3. In Count I, Inserra filed a Petition for Order to Show Cause Re Change of Custody and Contempt on behalf of his client, but he failed to serve this pleading on the opposing pro se party. Inserra refused to provide a copy of the petition to the opposing party after the party had requested and the court had ordered him to do so.
 

 ¶ 4. In Count II, Inserra filed a complaint on behalf of his client, but the case eventually was dismissed due to lack of prosecution. Inserra failed to inform his client of the dismissal, but instead, represented to the client that the case was ongoing. Once the client learned of the misrepresentation, she obtained new counsel. Inserra failed to provide the new counsel with a copy of the case file.
 

 ¶ 5. In Count III, Inserra was substituted as counsel in a criminal case in the United States District Court of Arizona. After Inserra’s client entered a guilty plea, the client filed a notice of appeal with the Ninth Circuit Court of Appeals. Inserra failed to withdraw as counsel and was obligated to represent his client on appeal. However, Inserra was not licensed before the Ninth Circuit, and he failed to prosecute the appeal. Inserra also misrepresented to the court that his client wished to dismiss the appeal when his client had never consented to a dismissal.
 

 ¶ 6. Thereafter, Inserra’s client was transferred from a facility in Arizona to North Carolina. Inserra failed to inform the court that his client had been moved to another state, and he failed to obtain and file written consent to dismiss the appeal. Inserra also failed to file a notice of change of address with the court, and consequently, failed to receive and comply with various orders. The Ninth Circuit Court of Appeals sanctioned Inserra $1,000, which he had not paid as of the hearing date in this matter.
 

 ¶ 7. The hearing officer’s report also included conclusions of law, an analysis of aggravating and mitigating factors,
 
 [2]
 
 and a proportionality review. He found that In-serra had violated ten Arizona ethical rules, two Arizona Supreme Court Rules, and American Bar Association Standard 3.0. The Hearing Officer recommended that Inserra be suspended for a period of sixty days followed by a year of probation.
 

 ¶ 8. The Disciplinary Commission of the Supreme Court of Arizona considered the hearing officer’s recommendation and incorporated his findings of fact and conclusions of law into its report. However, the Commission determined that a one-year suspension followed by one year of proba
 
 *607
 
 tion was “proportional and more appropriate for the knowing misconduct involving lying to clients, misleading the court and failure to comply with court orders.”
 

 ¶9. On January 7, 2009, the Supreme Court of Arizona issued its judgment and order, which incorporated the Commission’s report. The Court suspended Inser-ra from the practice of law for one year with one year’s probation upon reinstatement.
 

 ¶ 10. On March 24, 2009, the Mississippi Bar filed a complaint against Inserra seeking reciprocal discipline.
 
 [3]
 
 The Bar attached a certified copy of the Arizona Supreme Court’s judgment and order with copies of the Hearing Officer’s Report and the Disciplinary Commission’s Report. The Bar has requested that this Court discipline Inserra and order him to pay the costs and expenses associated with the filing of this matter.
 
 [4]
 

 DISCUSSION
 

 ¶ 11. This Court has “exclusive and inherent jurisdiction of matters pertaining to attorney discipline.” M.R.D. 1(a). Furthermore, we review matters of attorney discipline under a de novo standard of review.
 
 Mississippi Bar v. Alexander,
 
 669 So.2d 40, 41 (Miss.1996).
 

 ¶ 12. In a Rule 13 case, a sanction imposed by another jurisdiction is “conclusive evidence of the guilt of the offense or unprofessional conduct.” M.R.D. 18. Therefore, the “sole issue to be determined ... [is] the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.”
 
 Id.
 
 Furthermore, this Court defers to the sanction imposed by a foreign jurisdiction, and “[o]nly under extraordinary circumstances should there be significant variance from a sanction imposed by a foreign jurisdiction.”
 
 Mississippi Bar v. Drungole,
 
 913 So.2d 963, 968, 970 (Miss.2005). This Court may suspend an attorney where he has engaged in “some form of dishonesty [that] has significantly harmed his client, or constituted a fraud on a court, or both.”
 
 Id.
 
 at 967.
 

 ¶ 13. We must also consider the following nine criteria in a reciprocal discipline case:
 

 (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer’s mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.
 

 Mississippi Bar v. Ishee,
 
 987 So.2d 909, 911-12 (Miss.2007) (quoting
 
 Mississippi Bar v. Hodges,
 
 949 So.2d 683, 686 (Miss. 2006)). However, this Court does not have to address each criterion separately.
 
 Id.
 
 at 12.
 

 ¶ 14. The Hearing Officer’s Report, which was relied upon by the Commission and the Arizona Supreme Court, directly or implicitly considered each of the above-referenced criteria. The report clearly shows that Inserra violated a duty to his clients and the profession through his acts
 
 *608
 
 and omissions. The hearing officer detailed that Inserra had acted negligently and knowingly and had caused injury with regard to each count. In Count I, Inserra caused the opposing party to unduly suffer worry and fear about receiving notice of a hearing. In Count II, Inserra’s conduct caused his client’s case to be dismissed and the statute of limitations to expire. In Count III, Inserra prejudiced his client in delaying post-conviction-relief proceedings. He also caused injury to the court through his misrepresentations and failure to pay the $1,000 sanction. Relying on analogous caselaw, the hearing officer concluded that Inserra should be suspended.
 

 ¶ 15. Mississippi caselaw also supports Inserra’s suspension in this State. In
 
 Mississippi Bar v. Barry,
 
 the Court considered reciprocal discipline where the attorney had misrepresented to the Illinois Supreme Court and his clients that he had acquired expert opinions that were needed to prove causation.
 
 Barry,
 
 890 So.2d 870, 871 (Miss.2004). Because of the misrepresentations, the Illinois Supreme Court suspended the attorney from the practice of law for nine months.
 
 Id.
 
 at 870. After considering the findings of the Illinois Supreme Court, this Court also imposed a nine-month suspension.
 
 Id.
 
 at 871.
 

 ¶ 16. In another reciprocal-discipline case,
 
 Mississippi Bar v. Alexander,
 
 this Court imposed a six-month suspension following the two-year suspension imposed by the United States District Court for the Southern District of Mississippi.
 
 Alexander,
 
 669 So.2d 40, 41-42 (Miss.1996). In
 
 Alexander,
 
 the Court noted that the attorney previously had been disciplined by the district court and the Mississippi Supreme Court.
 
 Id.
 
 at 40. The Court found that the attorney’s suspension by the district court was conclusive proof that he had failed to follow court orders, including the nonpayment of a monetary sanction.
 
 Id.
 
 at 42. The Court further found that the attorney’s conduct, which included his failure to respond to discovery and participate in court conferences, prejudiced his client’s interests.
 
 Id.
 
 at 42.
 

 ¶ 17. In the case
 
 sub judiee,
 
 Inserra has prejudiced his clients’ interests, misled his clients and the court, and failed to pay a court-ordered sanction. His actions reflect negatively on the legal profession and are sanctionable by this Court. Inserra has engaged in dishonest acts that have significantly harmed his clients and have constituted a fraud upon the court.
 
 Mississippi Bar v. Drungole,
 
 913 So.2d 963, 967 (Miss.2005). After considering the record in light of the nine criteria, including the analogous cases of
 
 Alexander
 
 and
 
 Barry,
 
 this Court finds suspension to be an appropriate sanction and accordingly suspends Inserra from the practice of law for a period of one year. Because Inserra is currently suspended for nonpayment of his enrollment fees, this one-year period of suspension shall begin to run upon payment of said fees.
 

 CONCLUSION
 

 ¶ 18. In accordance with Rule 13 of the Mississippi Rules of Discipline, Daniel In-serra is suspended from the practice of law for a period of one year, which suspension shall begin to run upon payment of his enrollment fees. We further order that the Bar is entitled to recover from Daniel Inserra all costs of these proceedings. The Bar shall file its motion for costs and expenses with the Court within ten days of the filing of this opinion.
 

 ¶ 19. DANIEL INSERRA SHALL BE SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI FOR A PERIOD OF ONE YEAR; SAID SUSPENSION SHALL BEGIN TO RUN UPON PAYMENT OF ENROLLMENT FEES.
 

 
 *609
 
 WALLER, C.J., CARLSON AND GRAVES, P JJ., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.
 

 [1]
 

 . The Supreme Court of Arizona also ordered that Inserra participate in the Law Office Management Assistance Program ("LOMAP”) and the Member Assistance Program ("MAP”) as terms of his probation.
 

 [2]
 

 . The hearing officer listed eight aggravating factors, including the fact that Inserra previously had been disciplined by the Arizona Supreme Court. Inserra also has been disciplined by this Court on two separate occasions.
 
 See Mississippi Bar v. Inserra, 929
 
 So.2d 884 (Miss.2006) (imposing public reprimand after finding Inserra failed to keep client informed and obtain client’s consent), and
 
 Mississippi Bar v. Inserra,
 
 855 So.2d 447 (Miss.2003) (imposing public reprimand after finding Inserra was negligent in accounting and record keeping).
 

 As for mitigating factors, the hearing officer noted that Inserra had testified that he had been working pro bono for the City of Guadalupe; his house was under foreclosure; he had $40,000 in medical bills in the past year; his wife was pregnant with twins; and he had to pay taxes.
 

 [3]
 

 . Inserra was served personally with a copy of the summons and complaint but failed to file any response with this Court.
 

 [4]
 

 . Inserra is currently suspended under Mississippi Code Section 73-3-127 for failing to pay his enrollment fees; however, he is subject to the disciplinary jurisdiction of this Court. Miss.Code Ann. § 73-3-127 (Rev. 2008);
 
 Mississippi Bar v. Inserra,
 
 929 So.2d 884, 884 (Miss.2006).