WALLER, CHIEF JUSTICE, FOR THE COURT:
¶ 1. This matter is before the Court on the Mississippi Bar's formal complaint against attorney John H. Clegg pursuant to Rule 13 of the Mississippi Rules of Discipline.
FACTS
¶ 2. Clegg is licensed to practice law in both Louisiana and Mississippi. On July 6, 2010, the Louisiana Supreme Court found that Clegg had violated Rule 8.4(a) and (b) of the Louisiana Rules of Professional Conduct[1] by possessing and using crack cocaine, an illegal act that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer. In re John H. Clegg , 41 So.3d 1141, 1146 (La. 2010). The Louisiana Court suspended Clegg from the practice of law for a period of one year and one day, with all but six months of the suspension deferred on the condition that Clegg provide written confirmation that he has executed a recovery agreement with the Louisiana Bar Association's Lawyers Assistance Program (LAP) prior to being reinstated. Id. at 1158-59. Upon reinstatement, Clegg would be placed on unsupervised probation for two years, subject to the condition that he fully comply with the recovery agreement. Id.
¶ 3. According to the Louisiana State Bar Association's website, Clegg currently remains ineligible to practice law in Louisiana.[2] We also note that Clegg has been suspended from practicing law in Mississippi since 2011 for failure to pay his Bar dues.[3]
*152 ¶ 4. On March 7, 2017,[4] the Mississippi Bar filed the instant complaint against Clegg seeking reciprocal discipline under Rule 13. A certified copy of the Louisiana Court's judgment was included in the record. The Bar requests that this Court "appropriately discipline Mr. Clegg" and order him to pay costs and expenses associated with the filing of the instant case, along with any other relief deemed proper. The complaint was personally served on the Executive Director of the Mississippi Bar on March 9, 2017.[5] Clegg did not file a response to the complaint.
DISCUSSION
¶ 5. This Court possesses the exclusive authority to discipline attorneys practicing within this state. Miss. R. Discipline 1(a). While Clegg currently is not an active member in good standing with the Mississippi Bar due to his failure to pay Bar dues,[6] this Court retains disciplinary jurisdiction over him nonetheless. See Miss. Bar v. Beal , 167 So.3d 180, 182 n.1 (Miss. 2014) ; Miss. Bar v. Inserra , 929 So.2d 884 (Miss. 2006).
¶ 6. Rule 13 of the Mississippi Rules of Discipline authorizes this Court to impose reciprocal discipline on a Mississippi-licensed attorney who has been sanctioned in another jurisdiction, upon certification from the other jurisdiction:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
Miss. R. Discipline 13. The certified copy of the Louisiana Supreme Court's judgment against Clegg serves as "conclusive evidence of the guilt of the offense or unprofessional conduct." Id. Accordingly, the sole issue before this Court is the discipline to be imposed. Id. In determining the appropriate sanction to impose, this Court considers the following criteria:
(1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions *153 imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.
Miss. Bar v. Hodges , 949 So.2d 683, 686 (Miss. 2006). "As long as each criterion is taken into consideration, we need not address each separately." Caldwell v. Miss. Bar , 118 So.3d 549, 554 (Miss. 2012) (citing Hodges , 949 So.2d at 686 ). In reciprocal-discipline cases, "the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction's sanction." Miss. Bar v. Ishee , 987 So.2d 909, 911 (Miss. 2007).
¶ 7. In its judgment against Clegg, the Louisiana Supreme Court "directly or implicitly considered each of the above-referenced criteria." Miss. Bar v. Inserra , 38 So.3d 605, 607 (Miss. 2009). The Louisiana Court found by clear and convincing evidence that Clegg had violated Rules 8.4(a) and (b) of the Louisiana Rules of Professional Conduct, which are identical to Rules 8.4(a) and (b) of the Mississippi Rules of Professional Conduct. Clegg , at 1157. The Louisiana Court reasoned that "chemical dependency may cause a lawyer to commit acts of professional misconduct that would not have occurred but for his impairment." Id. at 1158. Turning to the issue of sanctions, the Louisiana Court determined that cases involving violations of Rule 8.4 due to drug abuse generally result in a suspension of one to three years, with all or part of the suspension deferred. Id. at 1157-58. According to the Louisiana Court, when there is a causal connection between substance abuse and professional misconduct, a deferred suspension and a probationary period are appropriate to ensure that the attorney can make meaningful efforts to address his or her substance-abuse problems through participation in the LAP. Id. at 1158.
¶ 8. After reviewing the judgment of the Louisiana Supreme Court in light of the criteria discussed above, we conclude that it is appropriate to impose reciprocal discipline equal to that imposed by the Louisiana Supreme Court. Accordingly, we hereby suspend Clegg from the practice of law in Mississippi for a period of one year and one day from the date of this opinion. All but six months of this suspension is deferred on the condition that, upon applying for reinstatement with this Court,[7] Clegg must present a certified letter from the Executive Director of the LAP confirming that Clegg has executed a recovery agreement with the LAP. Upon reinstatement, Clegg shall serve a two-year probationary period, subject to the condition that he fully complies with all requirements of his recovery agreement. The costs and expenses of these proceedings shall be assessed to Clegg.
¶ 9. JOHN H. CLEGG IS SUSPENDED FROM THE PRACTICE OF LAW FOR A PERIOD OF ONE YEAR AND ONE DAY FROM THE DATE OF THIS OPINION. ALL BUT SIX MONTHS OF SAID PERIOD IS DEFERRED ON THE CONDITION THAT CLEGG MUST PRESENT A CERTIFIED LETTER FROM THE EXECUTIVE DIRECTOR OF THE LOUISIANA LAWYERS ASSISTANCE PROGRAM STATING THAT CLEGG HAS EXECUTED A RECOVERY AGREEMENT. UPON REINSTATEMENT, CLEGG SHALL SERVE A *154 TWO-YEAR PROBATIONARY PERIOD, SUBJECT TO HIS COMPLIANCE WITH THE CONDITIONS OF HIS RECOVERY AGREEMENT. THE COSTS AND EXPENSES OF THESE PROCEEDINGS ARE ASSESSED TO CLEGG.
RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.

These rules are the same as Rule 8.4(a) and (b) of the Mississippi Rules of Professional Conduct.

Louisiana State Bar Association Membership Directory, https://www.lsba.org/Public/MembershipDirectory.aspx (last visited Sept. 20, 2017).

The Mississippi Bar, Lawyer Directory, https://www.msbar.org/lawyer-directory.aspx?type=2&term=clegg (last visited Sept. 20, 2017).

While the significant delay between the original disciplinary action and the filing of the Bar's complaint is concerning, a suspended or disbarred attorney has a duty to "notify all effected [sic] courts and agencies of his disbarment, suspension or resignation and consequent inability to act as an attorney after the effective date thereof[.]" Miss. R. Discipline 11(c)(4). Where an attorney fails to notify this Court of disciplinary action in another jurisdiction, this Court is not required to engage in any retroactive-discipline analysis and may impose its sanction prospectively. Caldwell v. Miss. Bar , 118 So.3d 549, 556 n.3 (Miss. 2012).

See Miss. R. Discipline 1.1 ("Any nonresident, by rendition of legal services in this state, shall be deemed to have appointed the Executive Director of the Bar as his agent for service of process or any notice required by these rules.").

See Miss. Code Ann. § 73-3-127 (Rev. 2012).

"No person disbarred or suspended for a period of six months or longer shall be reinstated to the privilege of practicing law except upon petition to the Court." Miss. R. Discipline 12(a).