855 So.2d 447 (2003)
The MISSISSIPPI BAR
v.
Daniel L. INSERRA.
No. 2002-BD-02017-SCT.
Supreme Court of Mississippi.
May 29, 2003.
*448 Adam B. Kilgore, Jackson, attorney for appellant.
Daniel L. Inserra, Pro Se, attorney for appellee.
EN BANC.
WALLER, J., for the Court.
¶ 1. The Mississippi Bar filed a Formal Complaint seeking reciprocal discipline pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar against attorney Daniel L. Inserra based on a public censure and two-year probation entered against him by the Disciplinary Commission of the Supreme Court of Arizona. Finding that reciprocal discipline is warranted, we hold that Inserra be publicly reprimanded.

FACTS AND PROCEDURAL HISTORY
¶ 2. On December 20, 2002, the State Bar of Arizona ("State Bar") filed a Formal Complaint with the Disciplinary Commission of the Supreme Court of Arizona against attorney Daniel L. Inserra in response to four overdraft notices on his trust account.
¶ 3. The State Bar received the first overdraft notice on September 19, 2000, indicating that Inserra's trust account was overdrawn in the amount of $146.14. The *449 overdraft was caused by the debit of service charges from the account for processing credit card payments. Inserra's trust account at the time contained only administrative funds and earned attorney's fees and held no funds owed to clients or thirdparty lienholders. Inserra corrected the overdraft prior to the State Bar's receipt of the overdraft notice.
¶ 4. On October 19, 2000, Inserra informed the State Bar that he had received another overdraft notice. This overdraft was again caused by an electronic debit of a credit card processing service charge. What had happened was the $30.00 service charge was presented when the account had a balance of only $13.09. Again, Inserra's account contained only administrative funds and no funds owed to any client or third-party lienholder.
¶ 5. The State Bar received two additional overdraft notices on November 27, 2000. The first notice was the result of the payment of a check for $800 on November 14, 2000, when the account held a balance of only $612.87. A $25.00 insufficient funds fee was charged, thereby leaving a balance of negative $212.13. The account held administrative funds and funds belonging to one of Inserra's clients, Thomas Greco. The $800 check was written on behalf of Greco. The second notice indicated a rejection on November 15, 2000, of a $38.91 electronic debit constituting a lease payment on credit card processing equipment Inserra maintained in his office. The debit was rejected because the overdraft from the day before had left the $212.13 negative balance. A $25.00 insufficient funds charge was assessed, increasing the negative balance to $237.13.
¶ 6. Inserra conditionally admitted that he was negligent by failing to reconcile his trust account monthly in violation of Arizona's Trust Account Guidelines. He also conditionally admitted failing to use only pre-numbered checks drawn on his trust account when he deposited funds into the account to be used to post bond on behalf of a client and used a bank check instead of a pre-numbered check to obtain the funds from the account.
¶ 7. The tender of admissions and agreement for discipline by consent also included the following conditional admissions:
Respondent conditionally admits that he was negligent in his accounting and record keeping practices; that he failed to maintain complete trust account records for a period of five years; that he failed to exercise due professional care in the maintenance of his client trust account; and that he was unable to account for all transactions relating to his client trust account by failing to specifically identify clients affiliated with each transaction.
Inserra also conditionally admitted that he failed to keep his own funds separate from client funds by depositing earned fees into his trust account and failing to withdraw immediately fees when earned.
¶ 8. On the basis that Inserra and the State Bar agreed on the conditional admissions, the Disciplinary Commission imposed a sanction of public censure and two years probation with the requirement that Inserra enter into a probation agreement in compliance with a Law Office Management Assistance Program assessment. He was also ordered to attend the State Bar's Trust Account Ethics Enhancement Program.
¶ 9. The Mississippi Bar filed its Formal Complaint with this Court on December 9, 2002, seeking reciprocal discipline under Rule 13. The complaint indicated that Inserra is a resident of Scottsdale, Arizona, and is currently on suspension for failure to pay bar enrollment fees. See Miss.Code Ann. § 73-3-127 (2000). Inserra was served via certified mail restricted delivery *450 on January 27, 2003, at 7500 East McDonald Dr., Suite 102A, Scottsdale, Arizona 85250 pursuant to Rule 16[1] and never responded to the Bar's complaint.

STANDARD OF REVIEW
¶ 10. In matters pertaining to attorney discipline and reinstatement, we retain exclusive jurisdiction and are the ultimate judge of matters that arise under the Rules of Discipline for the Mississippi State Bar. Rules of Discipline for the Miss. State Bar Rule 1(a); Rogers v. Miss. Bar, 731 So.2d 1158, 1163 (Miss.1999) (citing Broome v. Miss. Bar, 603 So.2d 349, 354 (Miss.1992)). We review such matters of attorney discipline de novo. Miss. Bar v. Logan, 726 So.2d 170, 174 (Miss.1998); Miss. Bar v. Alexander, 697 So.2d 1164, 1168 (Miss.1997); Miss. Bar v. Carter, 678 So.2d 981, 983 (Miss.1996).

DISCUSSION
¶ 11. The Mississippi Bar presents this Formal Complaint pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar. Rule 13 provides for the imposition of sanctions in this state as a result of sanctions imposed in another jurisdiction:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
Thus, our sole inquiry is the kind and extent of discipline to be imposed on Inserra. We need not refer this matter to a Complaint Tribunal. Miss. Bar v. Strauss, 601 So.2d 840, 844 (Miss.1992) (stating that "the matter of reciprocal discipline is to be presented directly to this Court and not to a Complaint Tribunal").
¶ 12. In assessing a sanction in an attorney discipline case, we apply the following nine criteria: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors. Rogers, 731 So.2d at 1171 (citing Miss. Bar v. Felton, 699 So.2d 949, 951 (Miss.1997)). See also Miss. Bar v. Shah, 749 So.2d 1047 (Miss.1999); Attorney AAA v. Miss. Bar, 735 So.2d 294 (Miss.1999); Miss. Bar v. Logan, 726 So.2d 170 (Miss. 1998); Alexander v. Miss. Bar, 725 So.2d 828 (Miss.1998).
¶ 13. We have no reported opinions on point sanctioning attorneys for the conduct for which Inserra was disciplined in Arizona. We have, however, imposed reciprocal discipline on attorneys for conduct ranging from failing to comply with court orders, Mississippi Bar v. Alexander, 669 So.2d 40 (Miss.1996), to being convicted of transporting stolen money and illegally *451 structuring transactions, Mississippi Bar v. Thompson, 797 So.2d 197 (Miss.2000). See also Miss. Bar v. Walls, 797 So.2d 217 (Miss.2001) (issuing public reprimand and ordering restitution against attorney suspended by Fifth Circuit for failing to keep client informed, failing to file a brief timely, and failing to prepare for an appeal); Miss. Bar v. Shah, 749 So.2d 1047 (Miss. 1999) (imposing six-month suspension on attorney suspended from practicing before bankruptcy courts because of improperly transferring client money in violation of order); Miss. Bar v. Gardner, 730 So.2d 546 (Miss.1998) (suspending attorney for one year based on two-year suspension rendered in Louisiana for commingling and converting client funds); Miss. Bar v. Pels, 708 So.2d 1372 (Miss.1998) (imposing 30-day suspension on attorney disbarred in the District of Columbia for placing settlement funds in an account used for both business operations and personal expenses and allowing balance to fall below amount required to satisfy third-party claims against the client's funds); Miss. Bar v. Felton, 699 So.2d 949 (Miss.1997) (suspending attorney for 180 days for failing to comply with orders entered by the United States Bankruptcy Court); Miss. State Bar v. Edwins, 534 So.2d 218 (Miss. 1988) (imposing two-year suspension following two-year suspension entered in Louisiana against attorney for failing to render a proper accounting of settlement funds in two workers' compensation cases, charging excess fees, and commingling funds).
¶ 14. In the instant case, Inserra's trust account was overdrawn on four occasions due to electronic debits with a maximum negative balance of $237.13 that was immediately resolved. Also, Inserra submitted in mitigation during the Arizona proceedings affidavits from former clients attesting that, during Inserra's representation of them, he never owed them any money. Furthermore, he fully cooperated with the State Bar of Arizona since the filing of its formal complaint.
¶ 15. The conduct for which Inserra was disciplined in Arizona surely warrants discipline in Mississippi. He neglected his trust account and allowed it to become overdrawn but never converted client funds for his own personal use, so it really cannot be said that he defiled the dignity and reputation of the legal profession. While no clients were prejudiced or harmed by such neglect, failing to maintain a balance sufficient to cover the electronic debits and maintain the requisite records and reconciliations warrants a public reprimand.
¶ 16. There remains in this case the issue of the relationship between Inserra's current suspension for nonpayment of enrollment fees and the discipline imposed herein. Suspension for nonpayment of enrollment fees is an administrative matter between the attorney and the Bar and does not involve this Court. Pursuant to Miss.Code Ann. § 73-3-127 (2000), an attorney can be suspended for failing to pay enrollment fees and shall be reinstated upon payment of the delinquent fees and a penalty of one-half of those delinquent fees.
¶ 17. While Inserra is not a member in good standing, he should still be subject to discipline, whether a public reprimand or whatever other sanction the circumstances may warrant. The West Virginia Supreme Court of Appeals arrived at a similar conclusion, holding that the fact that an attorney was on suspension for nonpayment of dues was not controlling in a disciplinary proceeding where the attorney was convicted of felony embezzlement and breaking and entering. Comm. on Legal Ethics v. Six, 181 W.Va. 52, 380 S.E.2d 219, 220 (1989).

*452 CONCLUSION

¶ 18. Pursuant to Rule 13, we accept the Disciplinary Commission of the Supreme Court of Arizona's discipline of Daniel L. Inserra as conclusive proof of his failure to maintain properly his trust account. Reciprocal sanctions are warranted; therefore, we impose a public reprimand, see Rules of Discipline for the Miss. State Bar Rule 8.6(ii), to be enforced in the event Inserra ever seeks reinstatement under Miss.Code Ann. § 73-3-127 by curing his enrollment fee obligations.
¶ 19. DANIEL L. INSERRA SHALL BE PUBLICLY REPRIMANDED.
PITTMAN, C.J., McRAE AND SMITH, P.JJ., COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.
NOTES
[1] Rule 16 of the Rules of Discipline for the Mississippi State Bar concerns the jurisdiction of and notice and service on nonresident attorneys.