987 So.2d 909 (2007)
The MISSISSIPPI BAR
v.
Dixie White ISHEE.
No. 2007-BD-01225-SCT.
Supreme Court of Mississippi.
November 7, 2007.

*910 ORDER

¶ 1. This matter is before the en banc Court on the complaint of the Mississippi Bar, seeking disciplinary action against attorney Dixie White Ishee, Post Office Box 954, Nassawadox, Virginia, XXXXX-XXXX, based on the Supreme Court of Tennessee's imposition of a four-month suspension from the practice of law.
¶ 2. On May 17, 2007, the Supreme Court of Tennessee entered an order suspending Ishee from the practice of law in the State of Tennessee for four months. Attached to the Bar's complaint is a certified copy of the Supreme Court of Tennessee's Order of Enforcement.
¶ 3. The Supreme Court of Tennessee took action against Ishee after Ishee self-reported misconduct to the Board of Professional Responsibility of the Supreme Court of Tennessee. In a letter to the Board dated August 25, 2003, Ishee confessed that in her individual divorce case, she falsely testified in a deposition that her fee arrangement with the law firm of Deal, Cooper & Holton, PLLC, was on an hourly basis when in fact she was to receive twenty-five percent of the fees awarded in those cases in which the firm prevailed. Ishee's self-report came after she had revealed the true nature of the fee arrangement in a deposition for a lawsuit she filed against the Deal-Holton law firm to recover fees she claimed to be owed. Ishee stated that she had not been truthful in her divorce deposition because Deal and Holton had told her that they did not want to be "dragged" into her divorce and "demanded" that she not mention the fee arrangement.
¶ 4. A Hearing Panel of the Board of Professional Responsibility concluded that Ishee's false statements in the divorce deposition, and her submission of documents perpetrating those false statements, were "premeditated" and made with "a dishonest and selfish motive ... to conceal from her husband the actual nature of her fee arrangement with the Deal-Holton Law Firm." The Hearing Panel's Findings and *911 Judgment recommended that Ishee be suspended from the practice of law for a period of four months.
¶ 5. Ishee appealed the Hearing Panel's judgment and, on November 3, 2006, the Chancery Court of Shelby County, Tennessee, at Memphis, adopted the Hearing Panel's decision as its Judgment. After Ishee dismissed her Notice of Appeal, the Supreme Court of Tennessee entered an order suspending Ishee from the practice of law for four months.
¶ 6. The Supreme Court of Tennessee's Order of Enforcement constitutes conclusive proof of guilt under Rule 13 of the Mississippi Rules of Discipline; therefore, it is unnecessary for this Court to pursue any further fact-finding.[1]
¶ 7. Pursuant to Rule 16 of the Mississippi Rules of Discipline, this Court has jurisdiction over Ishee for discipline purposes. The Mississippi Bar served process on Ishee, a non-resident, through the Executive Director of the Mississippi Bar on July 23, 2007. A copy of the Notice, Summons, and Formal Complaint was sent on July 23, 2007, by certified restricted mail, return receipt requested, to Ishee's last known address. The return receipt was filed with this Court on July 31, 2007. Ishee has appeared and filed an answer through local counsel.
¶ 8. Ishee admits that her suspension in Tennessee constitutes grounds for discipline by this Court. However, Ishee asks this Court to consider her "personal and professional issues" as mitigating factors in deciding the appropriate measure of discipline. Ishee also requests that a hearing panel be appointed to receive evidence and make findings of fact in this case.
¶ 9. As previously noted, this Court will not engage in further fact-finding when a sanction is imposed by another jurisdiction. Miss. Bar v. Shah, 749 So.2d 1047, 1049 (Miss.1999); M.R.D. 13. The sole issue before this Court is "the extent of final discipline to be imposed on the attorney in this jurisdiction." Id.; M.R.D. 13.
¶ 10. In this Court's application of the reciprocity doctrine, the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction's sanction. Miss. Bar v. Drungole, 913 So.2d 963, 970 (Miss.2005). We may impose sanctions less than or greater than those imposed by another jurisdiction. Miss. Bar v. Gardner, 730 So.2d 546, 547 (Miss.1998). An attorney "who is subject to reciprocal discipline may... offer any mitigating factors which he thinks serve to disminish [sic] his culpability and therefore diminish the necessity for, or severity of, sanctions to be imposed by this Court." Miss. Bar v. Strauss, 601 So.2d 840, 844 (Miss.1992).
¶ 11. The following nine criteria are considered when determining reciprocal discipline:

*912 (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.
Miss. Bar v. Hodges, 949 So.2d 683, 686 (Miss.2006) (citing Miss. Bar v. Inserra, 855 So.2d 447, 450 (Miss.2003)). So long as each is taken into consideration, this Court need not address each criterion separately. Id.
¶ 12. In recommending Ishee's four-month suspension, the Tennessee Board of Professional Responsibility considered her personal and professional problems as mitigating factors. Where an attorney has received full or partial substantive and/or procedural due process in another jurisdiction, the foreign jurisdiction would have had the best opportunity to weigh any mitigating factors. Drungole, 913 So.2d at 968. Because the Tennessee Board of Professional Responsibility already considered the mitigating factors posed by Ishee and no new mitigating factors have been presented, we find that further consideration is not merited.
¶ 13. The Tennessee Board of Professional Responsibility, either directly or implicitly, considered the above-referenced criteria, except the sanctions which have been imposed in similar cases. This Court has stated that acts of dishonesty, fraud, deceit, or misrepresentation should be addressed in a firm manner, and we have not hesitated to impose substantial sanctions in such cases. Miss. Bar v. Robb, 684 So.2d 615, 622 (Miss.1996).
¶ 14. In Mississippi Bar v. Drungole, in a reciprocal discipline case from the United States Bankruptcy Court for the Northern District of Mississippi, we suspended an attorney for thirty days where the attorney misrepresented to the bankruptcy court that she had not received any compensation from her client prior to filing a bankruptcy petition. Drungole, 913 So.2d 963 (Miss.2005).
¶ 15. In Mississippi Bar v. Shah, in a reciprocal discipline case from the United States Bankruptcy Court for the Northern District of Mississippi, we suspended an attorney for six months where the attorney misrepresented to the bankruptcy court that he had not received any compensation from his client and also filed a proposed Chapter 13 plan that allowed him to receive more compensation than he reported to the bankruptcy court. Shah, 749 So.2d 1047 (Miss.1999).
¶ 16. In Mississippi Bar v. Robb, we suspended an attorney for six months for making misleading and false statements to both the court and the opposing party. Robb, 684 So.2d 615 (Miss.1996).
¶ 17. Finally, in Mississippi Bar v. Mathis, we suspended an attorney for one year for failing to disclose the existence of an autopsy report to the court and other parties in a civil action for bad-faith denial of insurance coverage. Mathis, 620 So.2d 1213 (Miss.1993).
¶ 18. Having considered the facts here, we find that a four-month suspension from the practice of law in the State of Mississippi is appropriate.
¶ 19. IT IS THEREFORE ORDERED that, based on Rule 13 of the Mississippi Rules of Discipline, Dixie White Ishee is hereby suspended from the practice of law in the State of Mississippi for a period of four months from the date of entry of this order.
*913 ¶ 20. IT IS FURTHER ORDERED that Dixie White Ishee may be reinstated to the privilege of practicing law only upon petition to and order of this Court, pursuant to Rule 12 of the Mississippi Rules of Discipline.
¶ 21. IT IS FURTHER ORDERED that the Bar is entitled to recover from Dixie White Ishee all costs of these proceedings, as well as all previously assessed sums. The Bar shall file its motion for costs and expenses with the Court within ten days of the filing of this Order.
¶ 22. IT IS FURTHER ORDERED that the Clerk of the Court shall mail a certified copy of this order to the Mississippi Bar, and shall mail a certified copy of this order via certified mail, return receipt requested, to Dixie White Ishee, Post Office Box 954, Nassawadox, Virginia, XXXXX-XXXX.
¶ 23. SO ORDERED.
/s/ William L. Waller, Jr.
WILLIAM L. WALLER, JR.,
PRESIDING JUSTICE
NOTES
[1] Rule 13 provides as follows:

When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.