GRAVES, Presiding Justice,
 

 for the Court.
 

 ¶ 1. This case is before the Court en banc on the Formal Complaint filed by the Mississippi Bar seeking disciplinary action against attorney David P. Burlison, Jr., based on the Supreme Court of Tennessee’s imposition of a three-month suspension of Burlison from the practice of law.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Burlison, while representing his wife, Paula Jones, and Justin Jones, signed two agreements in 2004 to withhold a total of $9,190 from any settlement money due to him from his clients and to pay this amount to Dr. Michael Heilman. Burlison filed a lawsuit on behalf of Paula Jones and Justin Jones, and the case settled, but Burlison failed to make any payment to Heilman. Counsel for Heilman filed a complaint with the Tennessee Board of Professional Responsibility, which filed formal charges on March 16, 2007. On March 27, 2007, the Tennessee Board of Professional Responsibility informed Burli-son that it would issue a public censure on the condition that he pay the sum of $9,190 to Heilman within thirty days. Burlison failed to respond to the notice sent to him.
 

 ¶ 3. A Petition for Discipline was filed on June 4, 2007, and Burlison was served by certified mail. Burlison did not file an answer. The Tennessee Board of Professional Responsibility subsequently filed a Motion for Default, which was granted by the hearing panel on February 29, 2008. The hearing panel entered findings of fact on August 4, 2008. The Supreme Court of Tennessee accepted the hearing panel’s recommendation and entered an Order of Enforcement on October 15, 2008, finding that Burlison should be suspended for three months upon his reactivation from a current suspension for noncompliance with continuing legal education (CLE) requirements and upon completion of any outstanding CLE requirements. The Tennessee Court further found that Burlison’s reinstatement should be conditioned upon his making restitution to Heilman in the amount of $9,190. Burlison was also assessed costs of $830.26. On December 1, 2008, the Mississippi Bar (the Bar) filed this formal complaint pursuant to Rule 13
 
 *616
 
 of the Rules of Discipline for the Mississippi State Bar. Burlison, a resident of Tennessee, was personally served with the complaint on March 17, 2009. Burlison timely filed a response.
 

 ANALYSIS
 

 ¶4. Burlison’s suspension in Tennessee constitutes grounds for the imposition of discipline by this Court pursuant to Rule 13, which states:
 

 When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
 

 Rule 13, Rules of Discipline for the Mississippi Bar.
 

 ¶ 5. The Bar recommends the imposition of reciprocal discipline by this Court against Burlison for engaging in unprofessional and unethical conduct evincing unfitness for the practice of law. The Bar also asserts that Burlison failed to notify the Bar or any other disciplinary agency of his suspension in Tennessee and that he should be required to pay costs and expenses. The Bar acknowledges that Burli-son was an active member of the Bar and in good standing at the time of this complaint.
 

 ¶ 6. Burlison filed an answer with this Court and admitted his actions in Tennessee but said there were extenuating circumstances pertaining to the factual basis of the suspension “due to medical cost and incapacity.” Burlison failed to elaborate further. Burlison also said he had not had any other complaints in more than twenty-five years of law practice and asked the Court for a just and fair consideration and equitable resolution of the matter.
 

 ¶ 7. The Supreme Court of Tennessee’s Order of Enforcement, which is attached to the Bar’s complaint, constitutes “conclusive evidence of the guilt of the offense or unprofessional conduct” pursuant to Rule 13. Therefore, the sole issue before this Court is the extent of the discipline to be imposed against Burlison.
 

 ¶ 8. This Court has held that “the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction’s sanction.”
 
 Miss. Bar v. Ishee,
 
 987 So.2d 909, 911 (Miss.2007) (citing
 
 Miss. Bar v. Drungole,
 
 913 So.2d 963, 970 (Miss.2005)). In
 
 Drungole,
 
 this Court held:
 

 Because this Court takes the cold record of the foreign jurisdiction as conclusive, we hold that in reciprocal attorney discipline cases, deference must be afforded to the foreign jurisdiction’s findings. Clearly Rule 13 provides that this Court impose whatever sanction it deems appropriate in reciprocal attorney discipline cases. However, Rule 13 is not an invitation to disregard logic, reason or common sense. Only under extraordinary circumstances should there be significant variance from a sanction imposed by the foreign jurisdiction. The case sub judice does not present any extraordinary circumstances which
 
 *617
 
 compel, justify or support variance from the foreign jurisdiction’s sanction.
 

 Drungole,
 
 913 So.2d at 970.
 

 ¶ 9. This Court may impose sanctions less than or greater than those imposed by Tennessee.
 
 Ishee,
 
 987 at 911. Burlison may offer mitigating factors for this Court to consider.
 
 Id.
 

 ¶ 10. This court considers the following nine criteria in determining attorney discipline:
 

 (1)the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer’s mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.
 

 Id.
 
 at 912 (citations omitted). “So long as each is taken into consideration, this Court need not address each criterion separately.”
 
 Id.
 

 ¶ 11. The Tennessee Board of Professional Responsibility, either directly or implicitly, considered the above criteria in determining the appropriate sanction against Burlison. Further, Burlison has offered no “extraordinary circumstances which compel, justify or support variance” from Tennessee’s sanction.
 
 Drungole,
 
 913 So.2d at 970.
 
 See also Ishee,
 
 987 So.2d at 911.
 

 ¶ 12. Therefore, we find that Burlison shall be suspended for three months from the practice of law in the State of Mississippi. We also find that Burlison shall be reinstated to practice upon the expiration of the three-month period and pursuant to Rule 12 of the Mississippi Rules of Discipline. Specifically, that includes the submission of a statement verifying that restitution has been paid pursuant to the order of the Tennessee Supreme Court. Further, all costs and expenses of this disciplinary proceeding are taxed against Burli-son.
 

 ¶ 13. DAVID P. BURLISON, JR., IS HEREBY SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI FOR THREE (3) MONTHS AND ASSESSED WITH COSTS AND EXPENSES.
 

 WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.