# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-BD-01183-SCT

*THE MISSISSIPPI BAR*

*v.*

*MARY LEE HOLMES*

| | |
|---|---|
| ATTORNEY FOR COMPLAINANT: | MELISSA SELMAN SCOTT |
| ATTORNEY FOR RESPONDENT: | MARY LEE HOLMES (PRO SE) |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | PUBLIC REPRIMAND AND ASSESSMENT OF COSTS AND EXPENSES - 04/01/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1. The Mississippi Bar filed a formal complaint against Mary Lee Holmes, seeking reciprocal discipline under Rule 13 of the Rules of Discipline for the Mississippi State Bar after the Louisiana Supreme Court issued a public reprimand to Holmes. This Court finds that it is appropriate to impose reciprocal discipline.

## FACTS AND PROCEDURAL HISTORY

¶2. By order dated July 2, 2020, the Louisiana Supreme Court issued an order publicly reprimanding Holmes, a Mississippi-licensed attorney, for engaging in unauthorized practice of law in Louisiana. The Louisiana Supreme Court accepted the findings and recommendations of the Office of Disciplinary Counsel (ODC) for the Louisiana Attorney Disciplinary Board, as set forth in a joint petition for consent to discipline submitted by

Holmes and the ODC.

¶3.     According to the joint petition, the ODC received a complaint against Holmes in August 2019 from Iain Dover, assistant district attorney (ADA) for St. Tammany and Washington Parishes, Louisiana. The complaint alleged that Holmes had assumed the representation of Sye Blossman, a criminal defendant in Louisiana, and appeared on Blossman's behalf in a Louisiana court without first seeking *pro hac vice* admission under Louisiana law.

¶4.     According to the ODC's investigation, Holmes met with Blossman while he was in jail following his arrest in Washington Parish in the summer of 2019. And Holmes discussed Blossman's case with Washington Parish Sheriff Randy Seal.

¶5.     After charges were filed, Holmes filed with the local court a motion to enroll on Blossman's behalf. The motion included Holmes's Mississippi address, along with her Mississippi Bar license number, "although it [was] not identified as such." On August 14, 2019, Holmes appeared with Blossman at his arraignment and received discovery on Blossman's behalf, signing a receipt for discovery.

¶6.     Also on August 14, Holmes emailed the ADA assigned to the prosecution, advising that a Louisiana attorney would additionally be acting as local counsel since Holmes was not licensed in Louisiana. On August 28, 2019, Holmes emailed the district court, copied the ADA, and forwarded local counsel's motion to enroll. Holmes advised in the email that she had completed and would be mailing her application for *pro hac vice* admission. Holmes

2

mailed her application for *pro hac vice* admission on September 3, 2019. The application, however, was denied on September 16, 2019. Holmes subsequently filed a motion to withdraw from the representation of Blossman.

¶7. Holmes admitted having negligently violated Louisiana Rules of Professional Conduct 5.5(a) (practicing law in violation of the regulations of the jurisdiction) and 8.4(a) (violating or attempting to violate the rules of professional conduct). The parties stipulated the absence of aggravating circumstances and to the presence of mitigating circumstances.[1]

¶8. On July 2, 2020, the Louisiana Supreme Court accepted the joint petition for consent to discipline and publicly reprimanded Holmes. *In re Mary Lee Holmes*, No. 2020-B-0606 (La. July 7, 2020).

¶9. On October 22, 2020, the Mississippi Bar filed a formal complaint for reciprocal discipline against Holmes under Rule 13. Holmes filed a response, admitting each allegation listed in the complaint and admitting that her public reprimand in Louisiana constituted

---

[1] The joint petition submitted to the Louisiana Supreme Court offered the following mitigating factors:

1.  Absence of a dishonest or selfish motive,

2.  Timely good faith effort to rectify the consequences of her misconduct,

3.  Full and free disclosure to the disciplinary board or cooperat[ive] attitude toward the proceedings,

4.  Inexperience in the practice of law,

5.  Remorse.

grounds for discipline by this Court. The Mississippi Bar also filed a motion for costs and expenses in the amount of $245 under Rule 25 of the Rules of Discipline for the Mississippi State Bar.

**DISCUSSION**

¶10. This Court has jurisdiction over Holmes, a member of the Mississippi Bar since 2017, for disciplinary purposes under Rule 16 of the Rules of Discipline for the Mississippi State Bar. Under Rule 13, when another jurisdiction imposes sanctions against an attorney, such sanctions constitute grounds for disciplinary action in this state. M.R.D. 13.

¶11. "A sanction order from another jurisdiction serves as 'conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered.'" *Miss. Bar v. Gibbons*, 297 So. 3d 218, 221 (Miss. 2019) (quoting M.R.D. 13). "[T]his Court will not engage in further fact-finding when a sanction is imposed by another jurisdiction[.]" *Id.* (alterations in original) (quoting *Miss. Bar v. Ishee*, 987 So. 2d 909, 911 (Miss. 2007)). The sole issue before this Court is the extent of final discipline to be imposed on Holmes in this jurisdiction. M.R.D. 13.

¶12. Under this Court's reciprocity doctrine, "the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction's sanction." *Ishee*, 987 So. 2d at 911 (citing *Miss. Bar v. Drungole*, 913 So. 2d 963, 970 (Miss. 2005)). And this Court "may impose sanctions less or more severe than those imposed by another jurisdiction."

4

***Gibbons***, 297 So. 3d at 222 (internal quotation marks omitted) (quoting ***Ishee***, 987 So. 2d at 911). An attorney subject to reciprocal discipline in this state "may 'offer any mitigating factors which he [or she] thinks serve to diminish his [or her] culpability and therefore diminish the necessity for, or severity of, sanctions to be imposed by this Court.'" ***Caldwell v. Miss. Bar***, 118 So. 3d 549, 554-55 (Miss. 2012) (alterations in original) (quoting ***Miss. Bar v. Strauss***, 601 So. 2d 840, 844 (Miss. 1992)).

¶13. The same criteria used in Mississippi disciplinary cases is used in determining appropriate reciprocal discipline:

> (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.

***Miss. Bar v. Hodges***, 949 So. 2d 683, 686 (Miss. 2006) (citing ***Miss. Bar v. Inserra***, 855 So. 2d 447, 450 (Miss. 2003)). Each criterion need not be addressed separately "so long as each is taken into consideration[,]" and all the criteria may not necessarily apply. ***Id.***

¶14. Taking the above criteria into consideration, we order the same discipline imposed by the Louisiana Supreme Court. As mentioned, the Louisiana Supreme Court concluded that Holmes engaged in the unauthorized practice of law in Louisiana in violation of Louisiana law and the Louisiana Rules of Professional Conduct. *See* La. Rev. Stat. Ann. §§ 37:213.1, 37:214 (West, Westlaw through 2020 2d Extraordinary Sess.); L.R.P.C. 5.5(a), 8.4(a). The same rules are found in the Mississippi Rules of Professional Conduct. *See* M.R.P.C. 5.5(a)

and 8.4(a).[2]

¶15.    While mitigating circumstances were found and accepted by Louisiana in the matter, we find no extraordinary circumstances that compel or justify a different sanction from that imposed by Louisiana.  *Ishee*, 987 So. 2d at 911.  Accordingly, we hold that a public reprimand here in Mississippi is also warranted.

¶16.    "Ordinarily, public reprimands are carried out by the senior circuit judge in the attorney's county of residence."  ***Miss. Bar v. Burtoff***, 269 So. 3d 85, 88 (Miss. 2018) (internal quotations marks omitted) (quoting ***Miss. Bar v. Jones***, 226 So. 3d 89, 92 (Miss. 2015)).  Holmes's county of residence is Forrest County

¶17.    The public reprimand shall be read in open court, consistent with this opinion, by the presiding judge of the Circuit Court of Forrest County on the first day of the next term of that Court in which a jury venire is present after the entry of this Court's decision with Holmes in attendance.

¶18.    **MARY LEE HOLMES SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE CIRCUIT COURT OF FORREST COUNTY AFTER THE ENTRY OF THIS COURT'S DECISION, WITH HOLMES IN ATTENDANCE. MARY LEE HOLMES SHALL BE ASSESSED ALL COSTS AND EXPENSES.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.  RANDOLPH, C.J., NOT PARTICIPATING.**

---

[2] Rule 5.5(a) states that a lawyer shall not "practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction[.]" M.R.P.C. 5.5(a). Rule 8.4(a) states that "[i]t is professional misconduct for a lawyer to . . . violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another[.]" M.R.P.C. 8.4(a).