# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-BD-01354-SCT

*THE MISSISSIPPI BAR*

*v.*

*CANDACE L. WILLIAMSON*

| | |
|---|---|
| ATTORNEYS FOR COMPLAINANT: | ADAM BRADLEY KILGORE |
| | MELISSA SELMAN SCOTT |
| ATTORNEY FOR RESPONDENT: | GRAHAM PATRICK CARNER |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | SUSPENDED FROM PRACTICE OF LAW |
| | FOR TWO YEARS - 06/22/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.    The Mississippi Bar seeks disciplinary action against Candace L. Williamson, an attorney licensed to practice law in both Tennessee and Mississippi, based on discipline Williamson has received in Tennessee. The Supreme Court of Tennessee ordered Williamson suspended from the practice of law for two years, with one of those years suspended and Williamson placed on probation. Williamson was also issued a public reprimand by the Tennessee Bar in another matter.

¶2.    Williamson has been temporarily suspended in Mississippi since November 2021 because she failed to inform the Mississippi Bar of the Tennessee disciplinary orders.

¶3. The Mississippi Bar asks this Court to discipline Williamson appropriately pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar. The Bar contends that the Tennessee sanctions are in line with this Court's past punishments for similar misconduct, and it recommends that this Court suspend Williamson "prospectively" for "up to two years." The Bar also asks that it recover from Williamson the costs and expenses incurred in filing its formal complaint. Williamson concedes that reciprocal discipline is warranted, and she agrees with the sanction recommended by the Mississippi Bar.

¶4. Given Williamson's difficult circumstances at the time of the misconduct, we find no "extraordinary" reason to deviate from the punishments found appropriate by the Tennessee Supreme Court. We therefore publicly reprimand Williamson, suspend her for two years, with one year suspended on probation, and assess her the Bar's expenses in bringing this proceeding. Having been suspended for more than six months, Williamson will have to petition to be reinstated. *See* M.R.D. 12.

## FACTS

¶5. Williamson's discipline in Tennessee resulted from five bar complaints. In Supreme Court of Tennessee Cause Number M2020-00910-SC-BAR-BP, the Board of Professional Responsibility of the Tennessee Supreme Court disciplined Williamson for four of those. In the first, the board found that:

> In the fall of 2015, [the complainant] retained Ms. Williamson to represent him in a divorce. Ms. Williamson filed the divorce in December 2015, and the complaint was served January 13, 2016. In October 2016, Ms. Williamson filed a Motion to Compel Mediation which was approved by the court on October 20, 2016. Prior to attending mediation, both parties executed a Marital Dissolution Agreement on October 25, 2016. According to Ms.

2

Williamson the Marital Dissolution Agreement was not filed because the "clerk took notice that not all the pages were there."

Ms. Williamson took no further court action for nearly a year and on September 19, 2017, she filed a Motion to Seal Divorce. Ms. Williamson twice set the motion for a hearing but struck the hearing date both times. Ms. Williamson took no further court action in the case.

[The complainant] terminated Ms. Williamson's representation by letter dated May 5, 2018, . . . and requested his client file but never received it from Ms. Williamson. [The complainant] subsequently retained new counsel and the divorce was finalized in December 2018.

¶6.    The second complaint was described as follows:

By letters dated November 26, 2018, and December 12, 2018, the Board forwarded the [second] complaint . . . to Ms. Williamson and requested her response. Ms. Williamson did not respond to the Board.

On or about March 2018, [the complainant] retained Ms. Williamson to represent her in a divorce action filed by [the complainant's] husband. Ms. Williamson filed an Answer and CounterComplaint on March 13, 2018. Ms. Williamson advised husband's counsel that she would propose a settlement offer but an offer was never made.

On May 25, 2018, [the complainant's] husband's counsel filed a Motion to Require Mediation, but the motion was not heard. [The complainant's] husband's counsel renewed the Motion to Require Mediation on September 21, 2018 and scheduled a hearing with the court on September 28, 2018.

Although she remained suspended from the practice of law, Ms. Williamson appeared for the hearing and executed an agreed order setting mediation for October 15, 2018, which was filed with the court. [The complainant's] husband's counsel was the only one to appear for the October 15, 2018, mediation, which did not move forward.

On September 27, 2018, [the complainant] filed a complaint with the Board's Consumer Assistance Program alleging that Ms. Williamson had not communicated with her about her divorce case since May 9, 2018, and failed to respond to phone calls, text messages, or e-mails.

3

Ms. Williamson was reinstated to the practice of law on October 19, 2018. The parties thereafter executed a Marital Dissolution Agreement which was filed with the court on December 11, 2018, and a Final Decree of Divorce was entered on December 12, 2018.

¶7.    The third complaint concerned practicing law while suspended:

By email dated October 19, 2018, Ms. Williamson self-reported her appearance in court on October 15, 2018, during her temporary suspension. On October 18, 2018, the Board received a complaint from informant [opposing counsel] Constance Alexander relating to the conduct that Ms. Williamson had self-reported. By letters dated October 22, and November 8, 2018, the Board mailed Ms. Alexander's information to Ms. Williamson, advised her that it would be added to her self-report and requested that she respond. She did not respond.

On October 15, 2018, Ms. Williamson appeared in court for a status conference and informed the court that she was still working with her client. Ms. Williamson appeared in court after she was suspended from the practice of law and before she was reinstated on October 19, 2018. She failed to inform the court and opposing counsel of her licensure status and failed to comply with her obligations as a suspended attorney required by the Order of Temporary Suspension and Tenn. Sup. Ct. R. 9, § 28.

¶8.    The fourth complaint was likewise for practicing law while suspended. The misconduct occurred around the same time as the third complaint, during the brief period between Williamson's initial temporary suspension's becoming effective and its being lifted (i.e., August to October 2018):

On October 22, 2018, the Board received information about Ms. Williamson's appearance in court while suspended from Judge Wagner and forwarded the information to Ms. Williamson requesting a response by letters dated October 29, and November 27, 2018. Ms. Williamson did not respond to the Board.

While she was temporarily suspended from the practice of law, Ms. Williamson appeared in court before Judge Wagner on July 30, 2018, September 24, 2018, and October 15, 2018. Pursuant to Tenn. Sup. Ct. R. 9, § 12.3, Ms. Williamson was allowed to continue representation of current

4

clients for thirty (30) days following her temporary suspension, which would have been August 17, 2018.

Ms. Williamson was not reinstated until October 19, 2018. Accordingly, Ms. Williamson appeared in court after she was suspended from the practice of law and before she was reinstated.

She also failed to inform the court and opposing counsel of her licensure status and failed to comply with her obligations as a suspended attorney as required by Tenn. Sup. Ct. R. 9, § 28.

¶9.     Although Williamson did not initially respond to the first two bar complaints (leading to her temporary suspension in Tennessee and the second two bar complaints for practicing law while suspended), she did appear at a hearing on all four complaints. The Tennessee board found:

> Ms. Williamson testified at the hearing. She expressed remorse and apologized for her conduct that led to the filing of the Petition for Discipline. She offered no excuse for her conduct; however, she explained the circumstances of her personal life during the time at issue.

> Shortly before and during the time at issue, Ms. Williamson's father passed away unexpectedly. She went through a divorce and soon thereafter her mother was diagnosed with cancer and lived with Ms. Williamson who was her primary caretaker. These events brought on significant personal and emotional problems. Ms. Williams testified that she has sought help and continues counseling. She testified that she has no problem contacting the Tennessee Lawyers Assistance Program (TLAP) and coordinating communication between her counselor and TLAP.

The Tennessee board found Williamson's testimony "sincere and credible."

¶10.    The Tennessee board concluded:

> In the [first] complaint, the Hearing Panel Finds that Ms. Williamson failed to act diligently in violation of RPC 1.3, failed to adequately communicate with her client in violation of RPC 1.4, failed to return her client's file after she was terminated in violation of RPC 1.16(d), failed to expedite litigation in violation

5

of RPC 3.2, and failed to respond to the disciplinary complaint in violation of RPC 8.l(b).

In the [second] complaint, the Hearing Panel Finds that Ms. Williamson failed to adequately communicate with her client in violation of RPC 1.4, engaged in the unauthorized practice of law in violation of RPC 5.5, failed to respond to the disciplinary complaint in violation of RPC 8.l(b), and knowingly failed to comply with a court order in violation of RPC 8.4(g).

In the Alexander complaint along with the self-report and Judge Wagner complaint, the Hearing Panel finds that Ms. Williamson made a false statement of material fact by representing through her actions that her license to practice law was active when she appeared in court and signed an agreed order in violation of RPC 3.3. In doing so she also engaged in the unauthorized practice of law in violation of RPC 5.5. Ms. Williamson also failed to respond to the disciplinary complaint in violation of RPC 8.1(b), and knowingly failed to comply with a court order in violation of RPC 8.4(g).

Based upon the foregoing violations, Ms. Williamson violated RPC 8.4(a).

¶11. The Tennessee board ultimately found that Williamson should be suspended from the practice of law for two years, retroactive to the December 2018 suspension, one year of which would be suspended on probation after Williamson was readmitted.

¶12. A fifth complaint was filed against Williamson in Tennessee in January 2020. A former client alleged that Williamson was hired in April 2017 to pursue a modification of child support and to recover duplicate child support that had been paid in both Mississippi and Tennessee. Williamson represented to the client that she had initiated court proceedings in Tennessee and Mississippi and that she had appeared in court on his behalf in Tennessee during a time when she was temporarily suspended. Williamson stopped responding to the client's calls and texts in June 2019, and he subsequently discovered that she was no longer employed by her former law firm.

6

¶13. The Tennessee Board of Professional Responsibility found:

> Ms. Williamson was paid a fee to represent a client but neglected to take any substantive legal action on behalf of the client. Ms. Williamson deceived the client into believing that she had filed petitions in both Mississippi and Tennessee, but no petitions were ever filed. Ms. Williamson thereafter abandoned the representation and failed to respond to the disciplinary complaint against her.

And

> By the aforementioned acts, Candace Lenette Williamson has violated Rule of Professional Conduct 1.3 (diligence), 1.4 (communication), 1.5 (fees), 1.16 (terminating representation), 8.1 (b) (disciplinary matters) and 8.4(a)(c)(d) (misconduct)[.]

Williamson received a public censure for this misconduct.

¶14. Williamson, a Mississippi-licensed attorney, was required under Rule 13 of the Rules of Discipline for the Mississippi State Bar to present certified copies of the two orders imposing discipline in Tennessee within fifteen days. Williamson failed to do so in either case. This Court temporarily suspended her in November 2021 as a result.

¶15. While this matter has been pending, Williamson applied for readmission in Tennessee. A hearing was held on May 24, 2022. Following that hearing, the Tennessee hearing panel did not recommend Williamson for readmission based in part of her failure to self-report her discipline in Tennessee to the Mississippi Bar. Tennessee disciplinary counsel later filed a motion to alter or amend the hearing panel's judgment because the panel exceeded its authority by seeking to impose additional conditions for readmission. Williamson likewise filed her own motion to alter or amend. The motions had not been disposed of at the time the briefing was filed in this case.

7

¶16. Williamson filed a number of exhibits —letters attesting to her character and to her treatment for depression, including therapy and a recent mental evaluation. Williamson was noted to be "doing well" in the Tennessee Lawyers Assistance Program (TLAP) and was in compliance with its terms and conditions of monitoring. Williamson also filed a transcript of the hearing on her petition to be readmitted in Tennessee.

**DISCUSSION**

¶17. Under Rule 13 of the Rules of Discipline for the Mississippi State Bar, when another jurisdiction imposes sanctions against an attorney, it is grounds for disciplinary action in this state. M.R.D. 13. "A sanction order from another jurisdiction serves as 'conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered.'" *Miss. Bar v. Gibbons*, 297 So. 3d 218, 221 (Miss. 2019) (quoting M.R.D. 13). "[T]his Court will not engage in further fact-finding when a sanction is imposed by another jurisdiction[.]" *Id.* (alterations in original) (quoting *Miss. Bar v. Ishee*, 987 So. 2d 909, 911 (Miss. 2007)).

¶18. "The sole issue to be determined in the disciplinary proceeding in the State of Mississippi shall be the extent of the final discipline to be imposed upon the attorney in this State[.]" M.R.D. 13(b). "[T]he sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction's sanction." *Ishee*, 987 So. 2d at 911 (citing *Miss. Bar v. Drungole*, 913 So. 2d 963, 970 (Miss. 2005)). But this Court "may impose sanctions less or more severe than those imposed by another jurisdiction." *Gibbons*, 297 So. 3d at 222 (internal quotation marks omitted) (quoting *Ishee*, 987 So. 2d at 911). An attorney

subject to reciprocal discipline in this state "may 'offer any mitigating factors which he [or she] thinks serve to diminish his [or her] culpability and therefore diminish the necessity for, or severity of, sanctions to be imposed by this Court.'" *Caldwell v. Miss. Bar*, 118 So. 3d 549, 554-55 (Miss. 2012) (alterations in original) (quoting *Miss. Bar v. Strauss*, 601 So. 2d 840, 844 (Miss. 1992)).

¶19. The Bar recommends that Williamson be suspended "for up to two years." Williamson agrees that a two-year suspension (with one year suspended) is appropriate. The Bar also argues that the punishment should be "prospective," apparently in the sense that the Bar does not want the suspension to be retroactive to Williamson's suspension in Tennessee. We see no reason why the suspension should not begin to run when Williamson was temporarily suspended in Mississippi.

¶20. To determine the appropriate sanction, we employ the same criteria as in ordinary disciplinary cases:

> (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.

*Miss. Bar v. Hodges*, 949 So. 2d 683, 686 (Miss. 2006) (citing *Miss. Bar v. Inserra*, 855 So. 2d 447, 450 (Miss. 2003)). This Court need not address each criterion separately, so long as each applicable factor is taken into consideration. *Id.*

9

*Nature of the Misconduct; Duty Violated; Need to Deter Similar Misconduct; Injury to Clients*

¶21. The misconduct has been detailed above. Williamson was found to have violated rules concerning diligence, communication, and advancing litigation, and she was further found to have practiced law while her license was temporarily suspended. Williamson also failed to self-report her discipline in Tennessee to the Mississippi Bar. Williamson's clients lost time and expended unnecessary efforts due to her unresponsiveness, and at least one had to secure representation from another attorney. "The failure to follow the Rules involving duties to clients . . . involve[s] the most important ethical standards this profession espouses." ***Carter v. Miss. Bar***, 654 So. 2d 505, 512 (Miss. 1995). Thus, the need to deter the neglect of clients is great. ***Hall v. Miss. Bar***, 631 So. 2d 120, 126 (Miss. 1993).

*Preservation of the Dignity and Reputation of the Legal Profession and Protection of the Public*

¶22. This Court has repeatedly observed that "[t]he purpose of discipline is not simply to punish the guilty attorney, but to protect the public, the administration of justice, to maintain appropriate professional standards, and to deter similar misconduct." ***Miss. Bar v. Ogletree***, 226 So. 3d 79, 83 (Miss. 2015) (alteration in original) (quoting ***McIntyre v. Miss. Bar***, 38 So. 3d 617, 625 (Miss. 2010)). Williamson's pattern of neglect demonstrates a need to protect the public and a need to reassure the public that lawyers can be trusted to represent them diligently.

*Aggravating and Mitigating Factors*

¶23. In the first disciplinary order, the Tennessee Supreme Court laid out the following mitigating and aggravating factors (which likewise apply to the remaining complaint and to Williamson's failure to report her discipline to the Mississippi Bar):

Aggravating Factors

Pursuant to ABA Standard 9.22, the following aggravating factors are present in this case:

1. multiple offenses;

2. pattern of misconduct;

3. substantial experience in the practice of law; and

4. bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency.

Mitigating Factors

Pursuant to ABA Standard 9.32, the following mitigating factors are present in this case:

1. absence of a prior disciplinary record;

2. absence of a dishonest or selfish motive;

3. personal or emotional problems; and

5. remorse.

The Tennessee Supreme Court noted that Williamson's father had died unexpectedly, Williamson had gone through a divorce, and her mother had been diagnosed with cancer. Williamson's mother had lived with Williamson during her illness, and Williamson was her primary caretaker. It was noted also that Williamson had sought help and was undergoing

11

counseling and that she was working with the Tennessee Lawyers Assistance Program. The

Tennessee hearing board further found Williamson to be sincere and credible.

*Sanctions Imposed in Similar Cases*

¶24. "This Court has both disbarred and suspended attorneys for [neglecting clients and

failing to properly represent their interests]." **Miss. Bar v. Abioto**, 308 So. 3d 840, 844

(Miss. 2020). In **Abioto**, this court surveyed cases involving attorney suspensions for client

neglect:

> Numerous client-neglect cases have resulted in suspensions. *See Asher v. Miss. Bar*, 661 So. 2d 722, 732 (Miss. 1995) (Asher suspended for eighteen months for actively misrepresenting his clients and for failing to file a complaint and then lying about its being filed); *Terrell v. Miss. Bar*, 635 So. 2d 1377, 1379-80 (Miss. 1994) (Terrell suspended for one year for multiple violations); *Steighner v. Miss. State Bar*, 548 So. 2d 1294, 1299 (Miss. 1989) (Steighner suspended for 180 days for continual neglect of his client's action because he showed little remorse for his actions and did not seem to understand the seriousness of his conduct); *Parrish v. Miss. Bar*, 691 So. 2d 904, 907 (Miss. 1996) (attorney suspended for one year for negligence in representing his client resulting in the dismissal of workers'-compensation claim); *Myers v. Miss. State Bar*, 480 So. 2d 1080 (Miss. 1985) (attorney suspended for two years after he deliberately abandoned a criminal defendant at a crucial stage of trial).

¶25. The Mississippi Bar concludes that "[t]he two-year suspension with one year of active

suspension and one year of probation imposed by Tennessee on Ms. Williamson is not out

of line with the sanction imposed by this Court for similar misconduct." Williamson agrees

that the sanction is appropriate.

¶26. Finally, we observe that Williamson did not self-report her discipline in Tennessee to

the Mississippi Bar. In fact, she continued to practice law in Mississippi until this Court

temporarily suspended her. This conduct concerned the Tennessee hearing board and was

12

one reason for its (interlocutory at the time of the briefing) recommendation to deny her readmittance after suspension in Tennessee. While we weigh this fact against Williamson, we cannot find it to be an extraordinary circumstance that warrants a different sanction than the one imposed by the Supreme Court of Tennessee. *See Ishee*, 987 So. 2d at 911. Williamson has already been temporarily suspended for failing to self-report, and this has resulted in her being suspended from practicing law in Mississippi for longer than the suspension we order today. We do reserve to right to revisit Williamson's failure to self-report when Williamson seeks to be readmitted after her suspension.

## CONCLUSION

¶27. We do not find "extraordinary circumstances" that compel or justify a different sanction from that imposed by Tennessee, given Williamson's exceptional personal difficulties preceding her misconduct. *Ishee*, 987 So. 2d at 911. Thus, we suspend Williamson for two years. One year of her suspension is suspended, and Williamson is placed on probation under terms and conditions as determined by the Bar's Complaint Counsel. *See* M.R.D. Proc. 12.3 ("It shall be the duty of Complaint Counsel to monitor such suspensions with probation . . . ."). The suspension is to run from November 23, 2021, when Williamson was temporarily suspended in Mississippi. Williamson is assessed the Bar's costs and expenses in bringing this proceeding.

¶28. Williamson shall be publicly reprimanded. The reprimand shall be read in open court on the first day of the next term of the Circuit Court of Grenada County in which a jury venire is present, with Williamson present and standing within the well of the court, before

13

the bench. The circuit judge shall read, aloud and in the hearing of all in attendance, the

following public reprimand in its entirety:

## Public Reprimand

The Mississippi Supreme Court recently decided the case of ***The Mississippi Bar v. Candace L. Williamson***. Candace L. Williamson is an attorney licensed to practice law in the states of Mississippi and Tennessee. The Tennessee Supreme Court found that Williamson had committed professional misconduct in five separate instances.

In three of these instances, Williamson was found to have neglected clients. In the remaining two, Williamson was found to have practiced law in Tennessee while temporarily suspended from the practice of law.

As a result of this misconduct, the Board of Professional Responsibility of the Tennessee Supreme Court sanctioned Williamson by suspending her license to practice law in the State of Tennessee for two years, one year of which was suspended on probation. Williamson also received a public censure in Tennessee.

The Mississippi Bar subsequently initiated reciprocal discipline proceedings in the state of Mississippi.

The Mississippi Supreme Court ruled that Williamson violated the Mississippi Rules of Professional Conduct and ordered sanctions against her, including a two-year suspension, with one year suspended, and a public reprimand to be read in open court by the presiding judge of the Grenada County Circuit Court on the first day of the next term of that court in which a jury venire is present.

THEREFORE, by order of the Mississippi Supreme Court, attorney Candace L. Williamson is hereby publicly reprimanded for her violations of the Rules of the Mississippi Code of Professional Responsibility.

Attorney Candace L. Williamson failed to act diligently in representing clients, in violation of Rule 1.3 of the Mississippi Rules of Professional Conduct, which requires that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

Attorney Candace L. Williamson failed to expedite litigation in violation of Rule 3.2 of the Mississippi Rules of Professional Conduct, which requires that

14

"A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

Attorney Candace L. Williamson failed to adequately communicate with clients in violation of Rule 1.4(a) of the Mississippi Rules of Professional Conduct, which requires that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

Attorney Candace L. Williamson failed to return a client's file and failed to refund an advance payment from a client after the client terminated her representation, in violation of Rule 1.16(d) of the Mississippi Rules of Professional Conduct, which among other things requires that, "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as . . . surrendering papers and property to which the client is entitled . . . ."

Attorney Candace L. Williamson misled a client into believing she had filed petitions in Tennessee and Mississippi, when she had not, in violation of Rule 8.4 of the Mississippi Rules of Professional Conduct, which, among other things, prohibits an attorney from "violat[ing] or attempt[ing] to violate the rules of professional conduct," "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation," and "engag[ing] in conduct that is prejudicial to the administration of justice . . . ."

Attorney Candace L. Williamson failed to respond to disciplinary complaints in violation of Rule 8.1(b) of the Mississippi Rules of Professional Conduct, which prohibits a lawyer from "knowingly fail[ing] to respond to a lawful demand for information from [a] . . . disciplinary authority."

Attorney Candace L. Williamson engaged in the unauthorized practice of law, knowingly failed to comply with a court order, and made an implicit false statement of material fact by representing through her actions that her license to practice law was active, in violation of Rules 8, 5.5, and 3.3 of the Mississippi Rules of Professional Conduct.

Finally, Attorney Candace L. Williamson, as a Mississippi-licensed attorney, was required by Rule 13 of the Rules of Discipline for the Mississippi State Bar to present to Complaint Counsel certified copies of the two orders imposing discipline in Tennessee within fifteen days. She failed to do so in either case.

This concludes the public reprimand of Attorney Candace L. Williamson.

**¶29.  CANDACE L. WILLIAMSON IS SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI FOR TWO YEARS BEGINNING NOVEMBER 23, 2021.  ONE YEAR OF THE SUSPENSION SHALL BE SUSPENDED, AND WILLIAMSON IS PLACED ON PROBATION UNDER TERMS AND CONDITIONS DETERMINED BY THE MISSISSIPPI BAR'S COMPLAINT COUNSEL.  WILLIAMSON SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE CIRCUIT COURT OF GRENADA COUNTY IN WHICH A JURY VENIRE IS PRESENT, WITH WILLIAMSON IN ATTENDANCE.  WILLIAMSON IS ASSESSED ALL COSTS AND EXPENSES.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**